STATE OF NORTH CAROLINA v. JEFFREY HUGHES LEE

No. 7610SC889

(Filed 4 May 1977)

1. **Criminal Law § 15.1— denial of venue change**

    Defendant failed to show that the trial court abused its discretion in the denial of his motion for a change of venue of his trial for felonious assault and kidnapping.

2. **Kidnapping § 1— validity of kidnapping statute — meaning of "hostage"**

    The statute making it a crime unlawfully to confine, restrain or remove a person from one place to another for the purpose of holding such other person as a "hostage," G.S. 14-39(a)(1), is not void for vagueness and uncertainty, since the term "hostage" implies the unlawful confining, restraining or taking of a person with the intent that the person be held as security for the performance or forbearance of some act by a third person, and the trial court in this kidnapping case sufficiently instructed on the meaning of the word "hostage."

3. **Kidnapping § 1— sufficiency of evidence**

    The State's evidence was sufficient for the jury in this kidnapping case where it tended to show that defendant entered the office where his wife worked and shot her twice; the wife's supervisor at-

State v. Lee

tempted to render assistance to her but was ordered by defendant to get on the floor; defendant blocked the door to the office with a cabinet and refused to let the police in the room; defendant stated that he would surrender to a relative who was a policeman; and after making several threats defendant surrendered to his relative 45 minutes later.

4. Criminal Law § 169.6— exclusion of evidence — absence of answer in record

An exception to the exclusion of evidence cannot be sustained unless the record shows what the witness would have testified had he been permitted to answer.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 11 June 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 7 April 1977.

The defendant was indicted and tried by a jury for assault with a deadly weapon with intent to kill inflicting serious bodily injury and for kidnapping. He entered a plea of not guilty as to each charge.

The State offered evidence tending to show the following: On the 16th day of February 1976 the defendant entered a mail room in the State office building where his wife, Sherry H. Lee, was employed. He then walked into the inner office of William H. Cole, Mrs. Lee's supervisor, pulled a gun, and ordered him to leave. The defendant, who was armed with a .22 caliber rifle, shot his wife at least two times as she attempted to run from the inner office. Cole, who had left the general area, as ordered, came back to render assistance but was ordered to get on the floor on his hands and knees. At this point, the defendant ordered someone to shut the door and he blocked it with a cabinet. The State's evidence further tended to show that the defendant refused to let the police in the room but said he would surrender to Randy Carroll, a relative who was a policeman. After making several threats, the defendant finally surrendered himself to Carroll approximately 45 minutes later.

The defendant offered evidence tending to show the following: The defendant, who was having marital problems, went searching for his wife at the Albemarle Building, her place of employment. He armed himself with a rifle out of fear for his own safety. When he entered the office, his only intention was to speak to his wife about the location of their son, but she attempted to run and the gun went off as he tried to grab her. He made no conscious effort to pull the trigger. The defendant

offered further evidence tending to show that he did not intend at any time to harm his wife or any other person in the office and that he forced Cole to lie on the floor only because he wanted to prevent any attack by Cole.

The defendant was found guilty of both crimes as charged and was sentenced accordingly. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*George R. Barrett, for the defendant.*

MARTIN, Judge.

[1] The defendant first assigns as error the trial court's failure to grant defendant's motion for a change of venue. Such a motion is addressed to the sound discretion of the trial judge and his decision in the exercise of this discretion is not reviewable unless gross abuse is shown. *State v. Mitchell,* 283 N.C. 462, 196 S.E. 2d 736 (1973); *State v. Allen,* 222 N.C. 145, 22 S.E. 2d 233 (1942). In order for the defendant to prevail on this assignment of error, he must show an abuse of discretion. *State v. Mitchell, supra; State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123 (1971). No such abuse has been shown in the case at bar. This assignment of error is overruled.

[2] Defendant's second and fourth assignments of error are based on the contention that the trial court erred in denying defendant's motion to dismiss and his motion in arrest of judgment, both relating to the kidnapping charge. More specifically, the defendant attacks the sufficiency of the indictment for kidnapping. He says that the word "hostage," as used in the statute, is susceptible to several slightly different definitions and, hence, that a man of ordinary intelligence must guess at its meaning. Accordingly, he contends that the statute is void because of uncertainty, vagueness, and indefiniteness. We disagree.

The defendant in the case at bar was tried for kidnapping pursuant to G.S. 14-39 (a) (1) which provides as follows:

"(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age, or over without the consent of such person, or any other under the age of 16 years

without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

> (1) Holding such other person for ransom or as a *hostage* or using such other person as a shield." (Emphasis added.)

In explaining to the jury what the word "hostage" meant, the trial judge charged that:

> "The term 'hostage' when used with reference to a person and in the context in which it is used in the Statute law that I have read to you implies the unlawful taking, restraining or confining of a person with the intent that the person or victim be held as security for performance or forbearance of some act by a third person."

This definition is practically identical to the definition given by the New Mexico Supreme Court in the case of *State v. Crump,* 82 N.M. 487, 484 P. 2d 329 (1971). In that case, the defendant was tried under a kidnapping statute which, like our own G.S. 14-39(a)(1), included the word "hostage." The New Mexico court concluded that:

> "It appears clear from the foregoing definitions that the term hostage, when used with reference to a person and in the context in which it is used in our kidnapping statute . . . implies the unlawful taking, restraining or confining of a person with the intent that the person, or victim, be held as security for the performance, or forbearance, of some act by a third person." *State v. Crump, supra* at 492, 484 P. 2d at 334.

Although there is no other North Carolina case on point, Justice Lake, in the case of *State v. Shrader,* 290 N.C. 253, 225 S.E. 2d 522 (1976), gives us some insight as to how our Court might define the term "hostage." Without giving an exact definition of the word, he uses the phrase "shield or hostage" to describe a kidnapping situation in which a victim was unlawfully detained against her will, held as security while the defendant robbed a bank, and forced to drive the defendant away from the scene of the crime.

By reason of the foregoing discussion, we conclude that the term "hostage" as used in G.S. 14-39(a)(1) implies the unlaw-

ful taking, restraining, or confining of a person with the intent that the person, or victim, be held as security for the performance or forbearance of some act by a third person.

The instruction given by the trial court in the instant case was therefore sufficient to explain the meaning of the word "hostage" to the jury. The jury was completely and accurately instructed on the kidnapping charge and there was plenary evidence to support its verdict. This assignment of error is overruled.

[3] By his third assignment of error, defendant contends the trial court erred in denying his motion for nonsuit of the kidnapping charge. This argument is without merit. The defendant's only motion for nonsuit was made at the close of the State's evidence. Following the trial court's denial of this motion, the defendant proceeded to introduce his own evidence. It is well settled that a defendant, by introducing evidence at trial, waives his right to except on appeal to the denial of a nonsuit motion made at the close of the State's evidence. G.S. 15-173; *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1971); *State v. Logan,* 25 N.C. App. 49, 212 S.E. 2d 236 (1975). In any event, we reviewed the State's evidence pursuant to G.S. 15-173.1 and conclude that the trial court properly denied defendant's motion for a nonsuit.

[4] Defendant's fifth assignment of error is grounded on the contention that the trial court committed prejudicial error by sustaining the State's objection to the following portion of the testimony by defendant's witness, Dr. James Gross.

"Q. Would his mental condition be affected by rapid movement?

Mr. Hall: Objection.

Court: Sustained.

Defendant's exception No. 6."

The answer to this question was not included in the record. We cannot sustain an exception based on the exclusion of evidence unless the record shows what the witness would have testified had he been permitted to answer. *State v. Fletcher* and *State v. St. Arnold,* 279 N.C. 85, 181 S.E. 2d 405 (1971); *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1970). Hence, this assignment of error is without merit.

By his eighth and ninth assignments of error the defendant contends the court committed prejudicial error by making certain statements in its charge to the jury. The charge of the court must be read as a whole and construed contextually. *State v. Lee,* 277 N.C. 205, 176 S.E. 2d 765 (1970); *Gregory v. Lynch,* 271 N.C. 198, 155 S.E. 2d 488 (1967); *State v. Lankford,* 31 N.C. App. 13, 228 S.E. 2d 641 (1976). We find that it presents the law of the case in such a manner as to leave no reasonable cause to believe that the jury was misled or misinformed. The instruction made it clear to the jury what they had to find from the evidence in order to convict the defendant. The eighth and ninth assignments of error are therefore overruled.

By his twelfth assignment of error, defendant contends that the trial court erred in the entry of judgment in each case. We find no error in the judgment in the kidnapping case (No. 76CR8439).

However, the State concedes that there is what appears to be a clerical error in the judgment and commitment in the felonious assault case (No. 76CR8440) in that it reads: "This sentence [in case No. 76CR8440] shall commence at the expiration of the sentence this date imposed in case 76CR8440." Because of said error, the judgment in case No. 76CR8440 is vacated and the cause will be remanded to the superior court where defendant will be resentenced on the felonious assault charge.

We have reviewed the other assignments of error brought forward and argued in defendant's brief but find them to be without merit.

In the kidnapping case (No. 76CR8439), no error.

In the felonious assault case (No. 76CR8440), no error in trial but judgment vacated and case remanded for entry of proper judgment.

Judges BRITT and PARKER concur.