STATE OF NORTH CAROLINA v. BUD ROPER

No. 7829SC774

(Filed 19 December 1978)

**Assault and Battery § 16.1— assault with deadly weapon—knife as deadly weapon —instruction on lesser offense not required**

In a prosecution for assault with a deadly weapon, the trial court properly found that a "keen bladed pocketknife" slapped across the victim's throat was a deadly weapon per se and properly failed to charge the jury on the lesser included offense of assault inflicting serious injury.

APPEAL by defendant from *Jackson, Judge*. Judgment entered 18 May 1978 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 5 December 1978.

Defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injuries not resulting in death. Pete Rivera testified that on 26 February 1978, he had been shooting pool, and as he started to leave, "somebody kicked me as I started off the porch and I turned around and said something 'who in hell kicked me,' or something like that and the next thing I knew I felt like a slap on my throat and seen a knife blade go by . . . and I threw my hand up to my throat and blood was coming down to my elbow." At the time he saw the knife, defendant had it. He had had no words with defendant prior to that time and did not even know him.

Becky Clontz, who was present that evening, testified that she saw defendant slap at Rivera and that when he did, blood flew everywhere. Barbara Bowen testified that she saw the cutting and that there was no one close enough to Rivera to cut him at that time except for defendant. Dr. Bass, who treated Rivera at the hospital, testified that Rivera had an extremely severe injury to his neck, worse than any the doctor had ever encountered. The pharynx and both jugular veins were cut, "and why the man didn't bleed to death, I don't know."

Defendant testified that he was present at the scene but that he did not cut Rivera and did not know who did.

Defendant was found guilty of assault with a deadly weapon inflicting serious injury and sentenced to six to nine years. He appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Robert L. Harris, for defendant appellant.*

ERWIN, Judge.

Defendant's sole assignment of error is that the trial judge failed to charge the jury on the lesser included offense of assault inflicting serious injury. He argues that whether the knife used here was a deadly weapon should have been a jury question. We do not agree.

The description of the knife in this case was given by the victim: "a keen bladed knife or slick bladed knife" and "[defendant] cut me with a pocket knife." The State argues that this is sufficient to require the court to find that the knife was a deadly weapon per se.

Whether a weapon is deadly is generally a decision for the court, *State v. West*, 51 N.C. 505 (1859), and "[a]n instrument which is likely to produce death or great bodily harm under the circumstances of its use is properly denominated a deadly weapon." *State v. Joyner*, 295 N.C. 55, 64, 243 S.E. 2d 367, 373 (1978). We believe it is clear that a "keen bladed pocketknife" used under the circumstances here, that is, slapped across the victim's throat, is "likely to produce great bodily harm." "An instru-

ment . . . may be deadly or not, according to the mode of using it.
. . ." *State v. West, supra* at 509. The actual effects produced by
the weapon may also be considered in determining whether it is
deadly. *State v. West, supra.* Here, the uncontradicted testimony
is that the injury was an extremely serious one.

We find that it was the proper function of the trial court to
determine that this knife was a deadly weapon per se. As a
result, there was no error in the judge's failure to submit the
lesser included offense of assault inflicting serious injury. The
trial court need not submit a lesser included offense where there
is no evidence to support such a verdict. *State v. Black*, 21 N.C.
App. 640, 205 S.E. 2d 154, *aff'd*, 286 N.C. 191, 209 S.E. 2d 458
(1974).

No error.

Judges PARKER and HEDRICK concur.