STATE OF NORTH CAROLINA v. LEXIE LEDNUM

No. 8022SC995

(Filed 7 April 1981)

1. **Criminal Law § 99.2– conduct of court during trial – no expression of opinion**
    The trial court did not impermissibly comment on the evidence or express an opinion in instructing defense counsel not to lead witnesses; in responding to the prosecution's objections by saying, "sustained to leading" or "sustained"; in allowing or refusing to allow allegedly repetitive questions; or in repeating testimony which the trial court did not want the jury to consider.

State v. Lednum

2. **Assault and Battery § 15.2– knife as deadly weapon per se – instruction proper**

In a prosecution of defendant for assault with a deadly weapon inflicting serious injuries, the trial court did not err in instructing the jury that a knife was a deadly weapon, since evidence of the victim's injuries, hospitalization, treatment and absence from work clearly showed that he suffered serious injuries, and such evidence was sufficient to require the trial court to find that the knife was a deadly weapon per se.

3. **Assault and Battery § 13– defendant having affair with victim's wife – relevancy of evidence**

In a prosecution of defendant for assault with a deadly weapon inflicting serious injuries, the trial court did not err in allowing the victim to testify that defendant was having an affair with the victim's wife, since such evidence was relevant to show the state of mind of the victim.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 29 May 1980 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 3 March 1981.

Defendant was charged under a proper bill of indictment with feloniously assaulting Randy Cannon with a deadly weapon, a knife, and inflicting serious injuries not resulting in death by cutting Cannon about the face and stabbing him in the chest. He was found guilty as charged. From a judgment imposing a prison sentence of not less than two nor more than ten years, which was suspended and which placed defendant on probation, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Reginald L. Watkins, for the State.*

*Barnes, Grimes & Bunce, by Jerry B. Grimes and D. Linwood Bunce II, for defendant appellant.*

HEDRICK, Judge.

[1] In his first question presented, defendant argues that the trial judge

impermissibly commented on the evidence at trial ... when he continuously refused to sustain the defendant's objection to the State's leading question and in turn sustained practically every objection made by the State for the same type of questions and otherwise made comments evidencing his bias towards the State's case.

Those exceptions discussed under this question which refer

solely to the judge's ruling on evidence do not raise an issue as to whether the judge expressed an opinion in violation of G.S. § 15A-1222. In *State v. Cox*, 6 N.C. App. 18, 24, 169 S.E. 2d 134, 138 (1969), we noted: "It has been held that a remark by the court in admitting or excluding evidence is not prejudicial when it amounts to no more than a ruling on the question or where it is made to expedite the trial. [Citations omitted]." In a later case the North Carolina Supreme Court found that the trial court did not express an opinion on the credibility or guilt of defendant in sustaining the prosecutor's objections on ten occasions to questions propounded to the defendant on direct examination, where the ruling in each instance was merely the customary ruling, "Objection sustained," and where the rulings were interspersed with six others overruling objections by the prosecutor. *State v. Freeman*, 280 N.C. 622, 187 S.E. 2d 59 (1972). In the case *sub judice*, the trial judge during direct examination by the defense, twice instructed counsel not to lead the witness. On two other occasions the judge responded to the prosecution's objections as follows: "Sustained to leading" or "Sustained." It is inconceivable that these rulings on the evidence prejudiced defendant's case in the eyes of the jury.

Other exceptions noted under this question refer to the following alleged prejudicial comments made by the judge. During the trial, defense counsel objected to a question asked of Cannon, since it had "been asked three times." The court responded, "He answered twice. I will let him answer one more time." Defense counsel later objected when Cannon began to relate the conversation he had with defendant immediately prior to the alleged assault. The court responded, "Let him tell what he talked about, you have been over it." In another instance the court sustained a question asked by defense counsel and noted, "We have been over that." We emphasize that a trial judge's allowance or disallowance of alleged repetitive questions is within his discretion, and that this Court will not interfere with the exercise of his duty to control the conduct and course of a trial absent a showing of manifest abuse. No such abuse was shown by these comments. *State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976). Furthermore an examination of the record reveals that the trial judge did not consistently overrule objections to the State's leading questions while sustaining similar questions propounded by the defense.

The remaining two exceptions noted under this question are neither prejudicial nor erroneous. First, when Cannon testified that defendant punctured his lung, defense counsel objected and moved to strike. The court responded, "Don't consider, members of the jury, that his lung was punctured." Here the trial judge was merely repeating the testimony that he did not want the jury to consider. During the presentation of defendant's evidence, the prosecution objected to the following question: "State whether or not they [defendant and Cannon] were in-between the two parked cars?" The court responded, "Let him describe where they were." This comment by the court could only have been prejudicial to the State.

[2] In his second question defendant argues that the trial judge erred when he instructed the jury that a knife is a deadly weapon, since this matter was a question for the jury. The evidence for the State tended to show that on 19 February 1980 Cannon called the defendant at work and told defendant he wanted to talk to him about an alleged affair defendant was having with Cannon's wife. When Cannon later arrived at defendant's office, defendant suggested that they go outside. As he was talking to defendant, Cannon noticed a knife in defendant's hand. Defendant started coming towards him and Cannon hit him. Cannon was stabbed in the stomach, chest and face. As a result of his injuries he was hospitalized for a week; a tube was inserted in his lung; he received glucose and stitches and he was out of work for a month. Cannon then gave testimony of his medical bills. Cannon described the knife with which he was allegedly assaulted as a kitchen knife. Defendant later described the knife as a small paring knife. Defendant suggests to this Court that the description of the knife does not support the trial court's instruction that the knife was a deadly weapon per se. We disagree. In *State v. Roper*, 39 N.C. App. 256, 249 S.E. 2d 870 (1978), this Court held that a description of a knife as "a keen bladed pocketknife" was sufficient to require the trial court to find that the knife was a deadly weapon per se. In *Roper* we indicated that the actual effects produced by the weapon may also be considered in determining whether it is deadly. In the present case the evidence of the victim's (Cannon's) injuries, hospitalization, treatment and absence from work clearly showed that Cannon suffered serious injuries. Defendant has shown no error by this argument.

[3] Defendant next argues that he was prejudiced when the court allowed Cannon to testify that defendant was having an affair with Cannon's wife. He now emphasizes that this evidence had no bearing on the issue before the court, and that its sole effect was to prejudice him in the eyes of the jury. We disagree on the basis that the evidence was relevant to show the state of mind of Cannon. Even if this evidence were deemed irrelevant, defendant has not carried his burden of showing that the evidence was so prejudicial that had it not been for the admission of the irrelevant evidence a different result would have ensued. *State v. Atkinson*, 298 N.C. 673, 259 S.E. 2d 858 (1979). Furthermore, in his charge, the judge instructed:

> There has been some evidence on behalf of the State that tends to show that the defendant was having an affair with Randy Cannon's wife. You shall not consider any evidence about an affair as bearing on the guilt or innocence of this defendant. Again, he is not charged with having an affair with anybody. That evidence offered by the State was offered for the purpose of showing the state of mind of the witness Randy Cannon at the time this took place, and has no bearing whatever on the guilt or innocence of this defendant.

This instruction erased any possible prejudicial effect.

In defendant's final question presented he argues that the court erred in excluding evidence on three occasions. On the first occasion a witness for the defense testified that defendant and his family stayed in her house for two weeks after the alleged assault. The trial court refused to allow the witness to testify as to the reason defendant and his family stayed with her. Defendant argues that this evidence was relevant to establish defendant's fear of Cannon on 19 February 1980, particularly since defendant had testified at trial that he assaulted Cannon in self-defense. We cannot sustain defendant's exception to the exclusion of this evidence, since the record on appeal failed to show what the witness would have testified had she been permitted to answer. *State v. Lee*, 33 N.C. App. 162, 234 S.E. 2d 482 (1977).

The remaining alleged erroneous exclusions of evidence discussed in this question concern the court's failure to admit certain exhibits into evidence. Defendant first argues that the

court erred in failing to admit into evidence exhibits consisting of 1979 and 1980 rental agreements between defendant and Cannon and a $210 check drawn to Cannon by defendant for alleged reimbursement of rent and deposit. He argues that these exhibits were necessary to rebut the "insinuation" that the $210 check was presented to Cannon by the defendant as payment for a tape of a conversation between defendant and Cannon's wife concerning the alleged affair. A reading of the record reveals this argument to be meritless. First, the court did allow the $210 check into evidence. Second, defendant testified without objection that the amount of this check constituted reimbursement to Cannon of his $160 rental payment and $50 deposit. Clearly no prejudice has been shown. Finally, defendant argues that the trial court erred in sustaining the State's objection to the introduction into evidence of a knife and a block for the knife allegedly owned by defendant. Thereafter defendant testified that on the morning of the alleged assault he removed the smaller knife from the block before leaving for work because of the threats he had received from Cannon. Defendant now argues that the jury was denied an opportunity to determine "defendant's intent in arming himself" when they were not allowed to see the larger knife and block. We also find this argument to be meritless.

We have carefully considered the defendant's remaining assignments of error and find them to be without merit.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Judges WEBB and HILL concur.