STATE OF NORTH CAROLINA v. WENDELL MASON

No. 854SC1084

(Filed 18 February 1986)

**1. Assault and Battery § 13— assault with deadly weapon—knife taken from defendant—admissibility**

In a prosecution of defendant for assault with a deadly weapon with intent to kill inflicting serious injury and for robbery with a dangerous weapon, admission of a knife seized from defendant on another occasion was not prejudicial error, since the victim testified that she observed a knife in defendant's hand and he stabbed her with it; a medical witness testified that he treated the witness for stab wounds; and the evidence tending to show the victim was stabbed was uncontroverted.

**2. Criminal Law § 119— requested instruction**

The trial court's instructions on eyewitness identification adequately conveyed the substance of defendant's request, and the court therefore did not err in failing to give the instructions in the exact form requested by defendant.

**3. Assault and Battery § 15.2— assault with deadly weapon—knife as deadly weapon—instruction proper**

The trial court did not err in instructing the jury that a knife is a deadly or dangerous weapon where the victim testified that she was stabbed with a pocketknife; her treating physician testified that she was bleeding profusely from all of her wounds when she arrived at the hospital and that she lost from one to two quarts of blood; and the victim had to be hospitalized for four days.

**4. Criminal Law § 66.14— in-court identification of defendant—identification of independent origin**

The trial court did not err in permitting an assault and robbery victim to make an in-court identification of defendant where the court properly found that the identification was of independent origin and was based on the victim's observations at the time of the crimes.

APPEAL by defendant from *Wright, Judge.* Judgments entered 20 March 1985 in Superior Court, DUPLIN County. Heard in the Court of Appeals 12 February 1986.

Defendant was charged in proper bills of indictment with assault with a deadly weapon with intent to kill inflicting serious injury and with attempted robbery with a dangerous weapon. At trial, the State introduced evidence tending to show that on 26 April 1984, defendant entered a clothing store owned by the victim, demanded that she give him money, stabbed her four times with a pocketknife, and fled. Dr. Lewis Rishel testified that he

treated the victim for her injuries and that she was hospitalized for four days. Officer Donnell Lawson testified that a knife was taken from defendant's possession following his arrest in an unrelated incident on 19 May 1984. Defendant was found guilty as charged. From judgments imposing prison sentences of ten years for assault with a deadly weapon and forty years for attempted robbery with a dangerous weapon, such sentences to run consecutively, defendant appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Augusta B. Turner, for the State.*

*Assistant Appellate Defender Gordon Widenhouse, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first contends that the trial court erred in admitting the knife seized on 19 May 1984 into evidence because no evidence was introduced to connect the knife with the charged offenses. Assuming that defendant's contention is correct, we hold that defendant has failed to show any prejudice resulting from this error. The victim testified that she was standing two or three feet away from defendant when she observed an open pocketknife with a "two and a half to three inches blade" in his hand and that he stabbed her four times with this knife. Dr. Lewis Rishel testified that he treated her for four stab wounds which were each from two to three inches deep. This evidence tending to show that the victim was stabbed was uncontroverted. Thus, the admission of the knife seized from defendant on another occasion was not prejudicial error.

[2] Defendant next contends that the trial court erred in failing to give defendant's requested instruction on the consideration of eyewitness identification. This contention is without merit. The trial court is not required to give a requested instruction in the exact language of the request. *State v. Monk*, 291 N.C. 37, 229 S.E. 2d 163 (1976). However, when the requested instruction is correct in law and supported by evidence in the case, the court must give the instruction in substance. *Id.* We have examined the instructions given in this case in regard to eyewitness identification, and hold that they adequately convey the substance of defendant's request. The trial court, therefore, did not err in failing

to give the instructions in the exact form requested by defendant. *State v. Silhan*, 302 N.C. 223, 275 S.E. 2d 450 (1981).

[3] Defendant assigns as error the trial judge's instruction to the jury that a knife is a deadly or dangerous weapon, since the matter is a question for the jury. In *State v. Roper*, 39 N.C. App. 256, 249 S.E. 2d 870 (1978), this Court held that a description of a knife as a "keen bladed pocketknife" was sufficient to require the trial court to find that the knife was a deadly weapon per se. The actual effects produced by a weapon may be considered in determining whether it is deadly. *Id.; State v. Lednum*, 51 N.C. App. 387, 276 S.E. 2d 920, *disc. rev. denied*, 303 N.C. 317, 281 S.E. 2d 656 (1981). In the present case, the victim testified that she was stabbed with a pocketknife. Her treating physician testified that she was bleeding profusely from all of her wounds when she arrived at the hospital, that she lost from one to two quarts of blood and that she had to be hospitalized for four days. Thus, the trial court did not err in instructing the jury that a knife is a dangerous or deadly weapon. *See, State v. Lednum*, 51 N.C. App. 387, 276 S.E. 2d 920, *disc. rev. denied*, 303 N.C. 317, 281 S.E. 2d 656 (1981).

[4] Finally, defendant contends that the trial court erred in allowing the victim of the assault to give an in-court identification of defendant. At trial, defendant objected to her in-court identification of defendant as the perpetrator, and the trial court conducted voir dire to hear testimony regarding the out-of-court identification. After voir dire, the court made findings of fact and conclusions of law to the effect that the in-court identification was of independent origin and was based on the victim's observations at the time of the armed robbery and assault. These findings and conclusions are supported by the evidence introduced on voir dire. Therefore, the trial court did not err in allowing the in-court identification of defendant by the victim.

We hold that defendant had a fair trial free of prejudicial error.

No error.

Judges WEBB and PARKER concur.