STATE OF NORTH CAROLINA v. TERRY ALEXANDER LONG

No. 9320SC413

(Filed 1 March 1994)

1. **Evidence and Witnesses § 694 (NCI4th) — murder — threats by victim excluded — no offer of proof**

   Assignments of error to the exclusion of evidence of the victim's threats in a murder prosecution were overruled where defendant failed to make any offer of proof and the record failed to disclose the significance of the excluded evidence. N.C.G.S. § 8C-1, Rule 103(a)(2).

   **Am Jur 2d, Appeal and Error § 604; Trial §§ 129, 130.**

2. **Evidence and Witnesses § 697 (NCI4th) — offer of proof — statement by attorney — not sufficient**

   A defense counsel's comments were not sufficient to constitute an offer of proof and preserve excluded evidence for appellate review.

   **Am Jur 2d, Trial § 131.**

3. **Criminal Law § 369 (NCI4th) — murder — objections and questions by court — no abuse of discretion**

   The trial court did not abuse its discretion in a murder prosecution by questioning a witness and sustaining its own objections. A trial judge may participate in the examination of witnesses on his or her own initiative and has a duty to do so in order to clarify the testimony being given or to elicit overlooked but pertinent facts. Additionally, the trial court has the duty to ensure that time is not wasted in useless and repetitive presentation of the evidence.

   **Am Jur 2d, Trial § 98.**

4. **Criminal Law § 1239 (NCI4th) — second-degree murder — aggravating factor — strong provocation**

   The trial court did not err when sentencing defendant for second-degree murder by failing to find as a statutory mitigating factor that defendant had acted under strong provocation where evidence presented by defendant showing the victim as the aggressor was contradicted by evidence tending to show that defendant grabbed a gun from his car and evidence

that the victim made threats against defendant was contradicted by evidence tending to show that the victim never made any threats against defendant. The evidence did not compel a finding that defendant acted under strong provocation.

**Am Jur 2d, Criminal Law §§ 598, 599.**

**5. Criminal Law § 762 (NCI4th)— second-degree murder— instructions—reasonable doubt**

The trial court did not err in a second-degree murder prosecution by giving a reasonable doubt instruction in harmony with the instruction approved in *State v. Patterson*, 335 N.C. 437.

**Am Jur 2d, Trial § 832.**

Appeal by defendant from judgment and commitment entered 13 January 1993 in Anson County Superior Court by Judge Julius A. Rousseau, Jr. Heard in the Court of Appeals 3 January 1994.

On 5 May 1992, defendant and the deceased victim, Cory Davis, argued over what Davis thought defendant heard him say. Davis ran toward defendant, screaming obscenities and throwing punches. Defendant fired a twelve-gauge shotgun at the ground as a warning, but Davis continued to advance toward him. Defendant then shot Davis in the abdomen, killing him.

On 31 August 1992, defendant was indicted for murder and was found guilty of second degree murder by a jury. The trial court found as an aggravating factor that defendant knowingly created a risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person. The trial court made no findings of any mitigating factors and, by judgment and commitment entered 13 January 1993, sentenced defendant to thirty years imprisonment. Defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Deborah L. McSwain, for the State.*

*Office of the Appellate Defender, by Assistant Appellate Defender Janine M. Crawley, for defendant-appellant.*

STATE v. LONG

[113 N.C. App. 765 (1994)]

WELLS, Judge.

We note that defendant brings forth twenty assignments of error but sets out only eight in his brief. Pursuant to Rule 28(a) of the North Carolina Rules of Appellate Procedure, defendant's remaining assignments of error are taken as abandoned.

[1] In assignments of error 5, 9, and 10, defendant argues that the trial court erred by excluding evidence of threats made by the victim against defendant which tended to support his claim of self-defense. However, this Court cannot review the propriety of the trial court's exclusion of evidence when the record fails to disclose the significance of the excluded evidence.

The following exchange occurred on direct examination of defendant:

Q. Did you have any conversation with [Cory Davis]?

A. The first time I spoke with him he seemed to be a nice and friendly guy. That was brief 'cause we were leaving the time I spoke to him the first time.

Q. How about after that?

A. It really wasn't no conversation, just a lot of eyeballing, "I'll slap you all," a lot of jealousy, tension in the air.

Q. He indicated at some prior time he would slap you?

MR. BREWER: Objection.

COURT: Sustained.

On direct examination of defendant's witness, Ameakia Horn, the following exchange occurred:

Q. Did you have a conversation with Cory Davis?

A. Yes, I did.

Q. Can you recall what was said?

MR. BREWER: Objection.

COURT: Sustained.

* * * *

Q. Did you have some conversation with [Cory Davis]?

A. Yes, I did.

Q. Can you describe that conversation?

MR. BREWER: Objection.

COURT: Sustained.

Q. Did you hear Cory Davis make any threats?

MR. BREWER: Objection.

COURT: Sustained.

In order for this Court to rule on the trial court's exclusion of evidence, a specific offer of proof is required unless the significance of the excluded evidence is clear from the record. N.C. Gen. Stat. § 8C, Rule 103(a)(2) (1992); *State v. Simpson*, 314 N.C. 359, 334 S.E.2d 53 (1985). In the above two instances, defendant failed to make any offer of proof and the record fails to disclose the significance of the excluded evidence. Assignments of error 9 and 10 are therefore overruled.

[2] In the following instance, defendant contends that his counsel's comments constitute a sufficient offer of proof:

COURT: Mr. Lowe, when Mr. Polk was testifying you wanted to be heard about what Nisey said to him.

MR. LOWE: Yes, sir. I believe, Your Honor,—

COURT: What did she say to him?

MR. LOWE: What I was trying to elicit was that on prior occasions Nisey had been told by Charles—I'm sorry—by Cory Davis to tell these gentlemen that he would slap them, they were punk mother fuckers. I believe, Your Honor, that in a homicide case that's admissible evidence.

Although there may be instances where a witness need not be questioned in order to preserve appellate review of excluded evidence, *see State v. McCormick*, 298 N.C. 788, 259 S.E.2d 880 (1979) (witness answered question before objection was sustained); *Lloyd v. Babb*, 296 N.C. 416, 251 S.E.2d 843 (1979) (opposing counsel stipulated to the contents of the excluded testimony), we will not encourage the practice of permitting counsel to insert answers rather than have the witness give them in the absence of the jury. *State v. Willis*, 285 N.C. 195, 204 S.E.2d 33 (1974). Defense counsel's statements are not adequate to preserve the excluded

evidence for our review. *Simpson, supra.* Assignment of error 5 is therefore overruled.

**[3]** In assignments of error 2, 8, and 17, defendant argues that the trial court erred by raising and sustaining its own objections, questioning witnesses and making improper comments in violation of defendant's constitutional rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, Article I of the North Carolina Constitution and G.S. §§ 15A-1222 and 1223. We disagree.

Defendant contends that the following questioning of the State's expert witness was the most conspicuous intervention by the trial court:

Q. Based on your training and experience in the field if you would state how that compares with other weapons of this caliber.

A. A trigger pull of greater than five and a half but less than or equal to six pounds is standard for this type of weapon.

COURT: What is a weapon such as that most commonly used for?

MR. LOWE: Objection.

COURT: Overruled.

Defendant contends that the following exchange which occurred during defendant's redirect and direct examinations demonstrates the trial court's partiality against him:

Q. And Terry was on this side of the car (indicating).

A. Yes.

Q. The sidewalk runs parallel to the parking lot here.

COURT: We've been over all that.

MR. LOWE: I just want to clarify it, if the Court please.

COURT: We've been over it.

Q. Your testimony is that Terry backed from here to here (indicating), is that right?

A. Yes.

Q. Part of the time he was in the parking lot, and part of the time he was on the sidewalk.

COURT: We've been over that. Sustained.

A. Walking from—

COURT: No, sustained. We've been over that.

* * * *

COURT: All of you ought to feel better today. The sun is shining. All right, Mr. Lowe, yesterday when we stopped she testified about what had taken place that day. She was outside trying to stop the defendant. The defendant was backing out. Let's proceed from there without going back too far.

MR. LOWE: May I approach, Your Honor?

COURT: What about?

MR. LOWE: Your Honor, my recollection—I don't mean to argue with the Court—is that I was at the point of asking her what manner or tone of voice Mr.—

COURT: You've been through that. They were outside. He was backing up on the sidewalk or either the parking lot. She was trying to stop him.

Q. When you first got outside where was Cory Davis?

A. Walking up to Terry.

Q. What if anything was he saying?

A. I didn't understand what he was saying.

Q. Describe his tone of voice.

COURT: We've been over that. Sustained.

* * * *

Q. Can you use some point in this courtroom as a reference point to indicate how far it was from you to somewhere for instance? Would it be helpful if I stood—

A. Come back.

COURT: Have a seat, Mr. Lowe. Let her point it out in the courtroom.

MR. LOWE: I'm just trying to help her, Your Honor.

COURT: I understand that. I'm trying to speed up the case.

The trial judge must at all times be absolutely impartial. *State v. Brady*, 299 N.C. 547, 264 S.E.2d 66 (1980); N.C. Gen. Stat. § 15A-1222 (1988). The trial court is prohibited from expressing any opinion in the presence of the jury on any question of fact. *State v. Bearthes*, 329 N.C. 149, 405 S.E.2d 170 (1991). However, a trial judge, on his own initiative, may participate in the examination of witnesses and has a duty to do so in order to clarify the testimony being given or to elicit overlooked but pertinent facts. *State v. Efird*, 309 N.C. 802, 309 S.E.2d 228 (1983). Questioning by the trial court does not amount to the expression of opinion "unless a jury could reasonably infer that the questions intimated the court's opinion as to the witness's credibility, the defendants' guilt or as to a factual controversy to be resolved by the jury." *State v. Yellorday*, 297 N.C. 574, 256 S.E.2d 205 (1979). In addition, the trial court has the duty to ensure that time is not wasted in useless and repetitive presentation of the evidence. When the trial court sustains its own objection, the determination of prejudice must be made not by counting the number of occurrences "but by reviewing the record with an awareness of the appropriateness of the ruling and the likelihood that the judge's action created an appearance to the jury of partiality on the trial judge's part." *State v. Paige*, 316 N.C. 630, 343 S.E.2d 848 (1986). This Court will not interfere with the trial court's exercise of its duty to control the conduct and course of the trial absent a showing of manifest abuse. *State v. Lednum*, 51 N.C. App. 387, 276 S.E.2d 920, *rev. denied*, 303 N.C. 317, 281 S.E.2d 656 (1981).

Our review of the record persuades us that the trial court did not express any opinion in the presence of the jury on any question of fact to be decided by the jury. By questioning one witness and sustaining its own objections, the trial court properly exercised its discretion in controlling the conduct of the trial. Assignments of error 2, 8, and 17 are therefore overruled.

[4] In his assignment of error 20, defendant argues that the trial court erred by failing to find as a statutory mitigating factor in

sentencing that defendant acted under strong provocation. We cannot agree.

Findings in aggravation and mitigation must be proved by a preponderance of the evidence. N.C. Gen. Stat. § 15A-1340.3 (1993); *State v. Ahearn*, 307 N.C. 584, 300 S.E.2d 689 (1983). Defendant bears the burden of persuasion on mitigating factors, and when defendant argues that the trial court erred in failing to find a mitigating factor, he is asking this Court to conclude that " 'the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn' and that the credibility of the evidence 'is manifest as a matter of law.' " *State v. Jones*, 309 N.C. 214, 306 S.E.2d 451 (1983) (*quoting North Carolina Nat'l Bank v. Burnette*, 297 N.C. 524, 256 S.E.2d 388 (1979) ).

Our review of the record does not indicate that the evidence compels a finding that defendant acted under strong provocation. *State v. Clark*, 314 N.C. 638, 336 S.E.2d 83 (1985). Evidence presented by defendant showing the victim as the aggressor was contradicted by evidence tending to show that when the victim approached defendant, defendant grabbed a gun from his car. Evidence that the victim made threats against defendant was contradicted by evidence tending to show that the victim never made any threats against defendant. We conclude, therefore, that the trial court did not err in failing to find as a mitigating factor that defendant acted under strong provocation.

[5] In his remaining assignment of error, defendant argues that the trial court erred by giving a reasonable doubt instruction which reduced the State's burden below the standard mandated by the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and violated the Sixth Amendment right to a jury trial. We disagree.

In *Cage v. Louisiana*, 498 U.S. 39, 112 L. Ed. 2d 339 (1990), the United States Supreme Court held that a reasonable doubt instruction which equated reasonable doubt with "grave uncertainty" and "actual substantial doubt" and that required a "moral certainty" that defendant was guilty violated the Due Process Clause. In *State v. Bryant*, 334 N.C. 333, 432 S.E.2d 291 (1993), our Supreme Court held that a reasonable doubt instruction which defined reasonable doubt in terms of "honest substantial misgiving" and which required "moral certainty" in the truth of the charge for conviction violated *Cage*.

## STATE v. LONG

[113 N.C. App. 765 (1994)]

However, in *State v. Patterson*, 335 N.C. 437, 439 S.E.2d 578, (1994), our Supreme Court found that the following jury instruction did not violate the Due Process Clause:

> The State must prove to you that the Defendant is guilty beyond a reasonable doubt. Of course a reasonable doubt of a Defendant's guilt also might arise from a lack or insufficiency of the evidence. However, a reasonable doubt is not a vain, imaginary or fanciful doubt but it is a sane, rational doubt. Proof beyond a reasonable doubt means that you must be fully satisfied, entirely convinced or satisfied to a moral certainty of the Defendant's guilt.

In this case, the trial court gave the following instruction on reasonable doubt:

> Now, a reasonable doubt is not a vain, imaginary or fanciful doubt, but it's a sane and rational doubt. It's a doubt based on common sense. When it is said that you, the jury, must be satisfied of the defendant's guilt beyond a reasonable doubt it is meant that you must be fully satisfied, or entirely satisfied, or satisfied to a moral certainty of the truth of the charge. If, after considering, comparing and weighing the evidence or lack of evidence the minds of the jury are left in such a condition that you cannot say you have an abiding faith to a moral certainty in the defendant's guilt then you have a reasonable doubt, otherwise not.

We find the above instruction to be in harmony with the instruction given and approved in *Patterson* and therefore hold that the instruction given in this case was free of prejudicial error. This assignment is therefore overruled.

No error.

Chief Judge ARNOLD and Judge EAGLES concur.