STATE OF NORTH CAROLINA v. JIMMY DEAN ROTEN

No. 9323SC791

(Filed 7 June 1994)

1. **Criminal Law § 738 (NCI4th)— State's burden of proof— instruction prior to evidence not required**

   A trial court is not required, after a jury has been empaneled but before evidence has been presented, to instruct the jury as to the State's burden of proof.

   **Am Jur 2d, Trial §§ 1077 et seq.**

2. **Criminal Law § 762 (NCI4th)— reasonable doubt—moral certainty—instruction proper**

   The trial court did not err by using the term "moral certainty" in its instruction to the jury concerning reasonable doubt.

   **Am Jur 2d, Trial § 832.**

3. **Burglary and Unlawful Breakings § 151 (NCI4th)— first-degree burglary—instructions—felonious intent—felony not named in indictment**

   The trial court did not err by instructing the jury that it could find defendant guilty of first-degree burglary if it found that he

STATE v. ROTEN

[115 N.C. App. 118 (1994)]

broke into the victim's home with the intent to commit a second-degree sexual offense when the indictment alleged that defendant intended to commit a first-degree sexual offense since the indictment is required to allege only that defendant intended to commit a felony, and any language in the indictment which states with specificity the felony defendant intended to commit is surplusage and may be disregarded.

**Am Jur 2d, Burglary § 69.**

Appeal by defendant from judgment entered 4 February 1993 in Wilkes County Superior Court by Judge Julius A. Rousseau, Jr. Heard in the Court of Appeals 12 April 1994.

*Michael F. Easley, Attorney General, by Roy A. Giles, Jr., Assistant Attorney General, for the State.*

*Herbert H. Pearce for defendant-appellant.*

GREENE, Judge.

Jimmy Dean Roten (defendant) appeals from judgments and commitments entered upon jury verdicts finding him guilty of attempted second degree sexual offense and first degree burglary.

Defendant was indicted and tried for first degree sexual offense and first degree burglary. The burglary indictment alleged that defendant unlawfully, willfully, and feloniously during the nighttime did break and enter the occupied dwelling house of Ms. Betty Jean Wyatt "with the intent to commit a felony therein: first degree sexual offense."

At trial, the trial court did not give a preliminary instruction concerning the State's burden of proof. The victim, Ms. Wyatt, defendant's ex-mother-in-law, testified that on 6 April 1992, she lived in a house trailer with her daughter, Janie Roten, who was defendant's ex-wife, and two grandchildren. Ms. Wyatt testified that between 9:30 and 10:30 P.M., Janie Roten left the house trailer, that defendant soon thereafter entered the house trailer, grabbed her from behind, tore off part of her clothing, pulled down her pants, forced her to lay over the back of a couch, and touched her rectum with his penis but did not make penetration. Ms. Wyatt then testified that defendant left the house trailer shortly before Janie Roten returned home.

At the close of the State's evidence, the first degree sexual offense charge was dismissed and the case proceeded on the lesser included offense of second degree sexual offense.

The trial court charged the jury concerning the State's burden of proof as follows:

> Under our system of justice, when a Defendant pleads not guilty, he is not required to prove his innocence. He is presumed to be innocent. The State of North Carolina must prove to you that the Defendant is guilty beyond a reasonable doubt.
>
> Now, a reasonable doubt is not a vain, imaginary, or fanciful doubt, but it's a sane and rational doubt. It's a doubt based on common sense.
>
> When it's said that you, the jury, must be satisfied of the Defendant's guilt beyond a reasonable doubt, it is meant that you must be fully satisfied, or entirely satisfied, or satisfied to a moral certainty of the truth of the charges.
>
> If, after considering, comparing, and weighing the evidence, or lack of evidence, the minds of the jury, are such, the minds of the jury are in such, are in such a condition that you cannot say that you have an abiding faith to a moral certainty in the Defendant's guilty [sic], then you have a reasonable doubt. Otherwise, not.

The trial court dismissed the second degree sexual offense charge and instead instructed the jury as to attempted second degree sexual offense. The trial court further instructed the jury that it could find defendant guilty of first degree burglary if, in addition to the other elements of the offense, it found that defendant "at the time of the breaking and entering, . . . intended to commit a second degree sexual act."

---

The issues presented are whether the trial court erred in (I) failing to give a preliminary instruction concerning the State's burden of proof; and (II) instructing the jury that it could find defendant guilty of first degree burglary if it found he broke into the victim's home with the intent to commit a second degree sexual offense when the indictment alleged defendant possessed the intent to commit a first degree sexual offense.

I

[1] Defendant appears to argue that a trial court is required, after a jury has been empaneled, but before evidence has been presented, to instruct the jury as to the State's burden of proof. Defendant cites no

**STATE v. ROTEN**

[115 N.C. App. 118 (1994)]

authority for this position and we have found none. The trial court is certainly permitted to give a preliminary instruction regarding the State's burden of proof before evidence is presented, but it is not required to do so.

**[2]** Defendant cites *State v. Harris*, 289 N.C. 275, 280, 221 S.E.2d 343, 347 (1976) for the proposition that a preliminary "erroneous instruction on the burden of proof is not ordinarily corrected by subsequent correct instructions upon the point." While this proposition is correct, *Harris* is not applicable to the present case because in *Harris* the trial court gave conflicting instructions to the jury. In this case, the trial court gave no preliminary instructions concerning the State's burden of proof, and properly instructed the jury on this point during the final instructions. Accordingly, conflicting instructions were not given. We also reject defendant's argument that the trial court violated *Cage v. Louisiana*, 498 U.S. 39, 112 L. Ed. 2d 339 (1990) by using the term "moral certainty" in its instruction to the jury concerning reasonable doubt. This Court recently upheld as proper a jury instruction identical to that given in this case. *State v. Long*, 113 N.C. App. 765, 773, 440 S.E.2d 576, 580 (1994); *see also State v. Patterson*, 335 N.C. 437, 439 S.E.2d 578 (1994).

II

**[3]** Defendant next argues that the trial court erred in instructing the jury that it could find defendant guilty of first degree burglary if it found that defendant entered the victim's dwelling with the intent to commit a second degree sexual offense when the indictment alleged defendant possessed the intent to commit a first degree sexual offense.

The State, in an indictment for burglary, is not required to specify the felony the defendant intended to commit when he broke into the dwelling house. *State v. Worsley*, 336 N.C. 268, 280, 443 S.E.2d 68, 73-74 (1994). *Worsley*, however, only removed the requirement of specifying in an indictment for first degree burglary the felony the defendant intended to commit; *Worsley* did not remove the State's burden of proving at trial that the defendant possessed the intent to commit a specific felony at the time of the breaking and entering into the dwelling house. *See State v. Warren*, 313 N.C. 254, 262, 328 S.E.2d 256, 262 (1985) (essential element of first degree burglary is that defendant possess the intent to commit a felony at the time of the breaking and entering). Accordingly, the State, at trial, must present substantial evidence that the defendant intended to commit a partic-

ular felony in order to have the case submitted to the jury. If the State does not present substantial evidence that the defendant possessed the intent to commit a particular felony, the trial court is required to instruct the jury that it may convict the defendant of first degree burglary if the jury finds the defendant possessed the intent to commit that particular felony. *See State v. Austin,* 320 N.C. 276, 297, 357 S.E.2d 641, 654, *cert. denied,* 484 U.S. 916, 98 L. Ed. 2d 224 (1987) (trial court required to instruct upon matters arising upon the evidence at trial).

We reject defendant's argument that when, as here, the indictment alleges that a defendant possessed the intent to commit a specified felony, the State must prove that the defendant possessed the intent to commit the specified felony. Because the State is only required in the indictment to allege that the defendant intended to commit *a* felony, *Worsley,* slip. op. at 14, any language in the indictment which states with specificity the felony defendant intended to commit is surplusage which may properly be disregarded. *State v. Freeman,* 314 N.C. 432, 436, 333 S.E.2d 743, 745 (1985).

In this case, the indictment alleged that defendant unlawfully, willfully, and feloniously during the nighttime did break and enter the occupied dwelling house of Ms. Wyatt "with the intent to commit a felony therein: first degree sexual offense." The language following the colon is surplusage and may be disregarded. *Freeman,* 314 N.C. at 436, 333 S.E.2d at 745. During the trial, the State was required to prove that defendant possessed the intent to commit some felony at the time he broke and entered Ms. Wyatt's dwelling house. The State did this by presenting substantial evidence from which the jury could find that defendant intended to commit a second degree sexual offense at the time he broke and entered the dwelling house. *See State v. Bell,* 285 N.C. 746, 750, 208 S.E.2d 506, 508 (1974) (jury may infer defendant's intent at time of breaking and entering from defendant's actions after entering the dwelling house). There being substantial evidence of the felony which defendant intended to commit, the trial court was required to instruct the jury that it could convict defendant of first degree burglary if it found that he possessed the intent to commit a second degree sexual offense at the time he broke and entered Ms. Wyatt's dwelling house.

We have reviewed defendant's remaining assignments of error and hold that there was no prejudicial error for the following reasons: assignments of error numbers 2 and 6—defendant failed to

**THARRINGTON v. STURDIVANT LIFE INS. CO.**

[115 N.C. App. 123 (1994)]

make an offer of proof regarding what the answers to the objectionable questions would have been; assignments of error numbers 3, 9, 10, and 12—the evidence and testimony which defendant sought to introduce was later introduced; assignments of error numbers 4 and 8—the trial court's limiting instruction was sufficient; assignment of error number 5—the testimony was admissible for purposes of corroborating Ms. Wyatt's testimony and defendant failed to request a limiting instruction, *see State v. Chandler*, 324 N.C. 172, 182, 376 S.E.2d 728, 735 (1989); assignment of error number 7—the testimony was admissible as a statement made for purposes of medical diagnosis or treatment, see N.C.G.S. § 1A-1, Rule 803(4); assignment of error number 11—defendant failed to ask for a limiting instruction; assignment of error number 13—inquiry into specific instances of conduct that would rebut earlier reputation or opinion evidence offered by the defendant is admissible, *see State v. Cummings*, 332 N.C. 487, 507, 422 S.E.2d 692, 703 (1992) and N.C.G.S. § 8C-1, Rule 405(a) (1992); assignment of error number 15—defendant failed to object to the charge before the jury retired to consider its verdict, see N.C. R. App. P. 10(b)(2).

No error.

Chief Judge ARNOLD and Judge McCRODDEN concur.