An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1162

Filed: 19 May 2015

Rockingham County, No. 12 CRS 53045

STATE OF NORTH CAROLINA

v.

CHARLES JACOB RUMLEY

Appeal by defendant from judgment entered 17 January 2014 by Judge R. Stuart Albright in Rockingham County Superior Court. Heard in the Court of Appeals 27 April 2015.

*Attorney General Roy Cooper, by Assistant Attorney General Teresa M. Postell, for the State.*

*Glover & Petersen, P.A., by Ann B. Petersen, for defendant-appellant.*

DIETZ, Judge.

Defendant Charles Jacob Rumley appeals his conviction of first degree arson. On appeal, Rumley argues that the trial court erred in excluding testimony from a defense witness concerning another person who had motive and opportunity to commit the crime. Rumley failed to preserve this issue for appeal by making an offer of proof concerning this excluded testimony. In any event, Rumley cannot show any purported error was prejudicial because he testified on these same topics without

objection, and the witness covered much of the same information in other portions of her testimony to which the State did not object. Accordingly, we find no error in the exclusion of the testimony.

**Facts and Procedural History**

On 11 September 2012, Rumley was working as a maintenance man at the Lassiter Square Apartments in Madison, North Carolina. That morning, Rumley started a fire in the master bedroom of a vacant apartment that he was refurbishing. He then proceeded to warn the other tenants in the building about the fire.

When firefighters arrived at the vacant apartment, it was locked, forcing them to break the door to gain entry. They discovered the fire in the master bedroom and temporarily suppressed it with a fire extinguisher. A fire hose was then brought into the apartment in order to completely extinguish the fire, which had spread into the apartment above.

Fire investigators determined that the fire started in a corner of the master bedroom. A K-9 unit was brought into the bedroom and alerted for the presence of hydrocarbon fuels in three areas. Samples from these areas were sent to the State Bureau of Investigation for testing. One of the three samples, from an area of the bedroom closet where no fire had reached, tested positive for the presence of gasoline. Based upon this and other evidence, investigators concluded that the fire was set intentionally.

After the fire was extinguished, Madison Police Department Detective Clinton Smith and Assistant Fire Marshal John Cruise conducted individual interviews with Lassiter Square employees, beginning with manager Brooke Hollingsworth and Rumley. Rumley initially stated that he merely discovered the fire while waiting to install a dishwasher in an adjacent apartment. However, when investigators noted that parts of his story were not consistent with another statement they had received, he quickly changed it, claiming that he had accidently started the fire when he discarded a lit cigarette in the apartment. Rumley then requested to speak with Fire Marshal Cruise alone. He gave Fire Marshal Cruise a full confession, explaining that he filled a spray bottle with gasoline and used it to start the fire because he was overwhelmed by various stressors in his life and was hoping that the fire could garner him attention and help.

Rumley was arrested and indicted for first degree arson. He was tried by a jury in Rockingham County Superior Court.

At trial, Rumley testified that when he went into the vacant apartment on the morning of the fire, he discovered an individual named Danny Cardwell, who had been fired from Rumley's position as maintenance man at Lassiter Square in August 2012. According to Rumley, Cardwell used the spray bottle to splash gasoline on him and start the fire. Cardwell then threatened to harm Rumley's family if he did not confess to the crime.

Rumley also called Hollingsworth to testify on his behalf. Defense counsel attempted to question Hollingsworth regarding why Cardwell had been terminated from Lassiter Square and what she told investigators regarding Cardwell on the day of the fire. The trial court sustained the State's objections to these questions. Defense counsel also questioned Hollingsworth regarding a break-in at her office on 29 August 2012, specifically inquiring as to whether she told law enforcement that Cardwell could have retained a set of keys to the complex after his termination. The trial court again sustained the State's objections to these questions.

On 15 January 2014, the jury returned a verdict finding Rumley guilty of first degree arson. The trial court sentenced Rumley to a term of 64 to 89 months of imprisonment. Rumley appeals.

**Analysis**

Rumley's sole argument on appeal is that the trial court erred by excluding certain testimony from Hollingsworth regarding Cardwell's motive to set the fire and his ability to access the vacant apartment where the fire began. We disagree.

"Evidence that another committed the crime for which the defendant is charged generally is relevant and admissible as long as it does more than create an inference or conjecture in this regard. It must point directly to the guilt of the other party." *State v. Cotton*, 318 N.C. 663, 667, 351 S.E.2d 277, 279 (1987). "Under Rule 401 such evidence must tend *both* to implicate another *and* be inconsistent with the

guilt of the defendant." *State v. Israel*, 353 N.C. 211, 217, 539 S.E.2d 633, 637 (2000) (citation omitted).

> Although the trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard applicable to Rule 403, such rulings are given great deference on appeal. Because the trial court is better situated to evaluate whether a particular piece of evidence tends to make the existence of a fact of consequence more or less probable, the appropriate standard of review for a trial court's ruling on relevancy pursuant to Rule 401 is not as deferential as the "abuse of discretion" standard which applies to rulings made pursuant to Rule 403.

*State v. Blakney*, ___ N.C. App. ___, ___, 756 S.E.2d 844, 847 (citation omitted), *disc. rev. denied*, 367 N.C. 522, 762 S.E.2d 204 (2014).

In this case, Rumley attempted to ask Hollingsworth a series of questions regarding Cardwell's termination, what she told investigators about Cardwell on the day of the fire, and whether it was possible that Cardwell still possessed keys to the complex after his termination. Rumley contends that this evidence was relevant to establish that Cardwell had a motive to commit the arson as well as the means to access the vacant apartment.

However, we cannot determine if Hollingsworth's answers should have been admitted, because they were never provided. "In order for this Court to rule on the trial court's exclusion of evidence, a specific offer of proof is required unless the significance of the excluded evidence is clear from the record." *State v. Long*, 113 N.C.

App. 765, 768, 440 S.E.2d 576, 578 (1994). Almost all of the State's objections to Rumley's questions were sustained before Hollingsworth responded and Rumley made no offer of proof as to how Hollingsworth would have answered. Consequently, Rumley can establish neither that Hollingsworth's potential testimony was relevant nor that its exclusion was prejudicial. *See State v. Kuplen*, 316 N.C. 387, 412, 343 S.E.2d 793, 807 (1986) ("[T]he defendant has not shown in the record what the witness' answer would have been to this question and thus how it was relevant. By this omission, he has failed to show prejudice by the exclusion of the testimony.").

Hollingsworth answered only two questions before the State could object. She testified that she initially told investigators that "[s]ince [defendant] was hired, any incidental problem was always [Cardwell], [Cardwell], [Cardwell]." Hollingsworth later testified that, after her office was broken into in August 2012, she informed law enforcement that Cardwell "could possibly have another set of keys." After each of these answers, the State objected, and the trial court sustained the objection. We are unable to determine from these answers what other information Hollingsworth might have provided and thus cannot determine whether the court erred by sustaining the State's objection and excluding the evidence.

Even assuming, *arguendo*, that Hollingsworth's excluded testimony was relevant and admissible, Rumley failed to show that exclusion prejudiced him. "[I]n order for the defendant to be entitled to a new trial, he must show that the error in

excluding the [evidence] prejudiced him to the extent that had the error not been committed, a different result would have been reached at trial." *State v. Jordan*, 130 N.C. App. 236, 241, 502 S.E.2d 679, 682 (1998). Rumley was not prejudiced by the trial court's evidentiary rulings because substantially the same evidence was introduced both by Rumley's own testimony and portions of Hollingsworth's testimony. Hollingsworth testified without objection that she told the police "it possibly could be [Cardwell]. But I didn't say 100 percent sure it was." She also testified without objection that she told the police that Cardwell "could possibly have a copy of the key" to the apartment where the fire began.

Thus, all of the information that Rumley claims was improperly excluded actually was presented to the jury during the course of Hollingsworth's testimony. Thus, even if the trial court's evidentiary rulings were erroneous—and they were not—those rulings did not prejudice Rumley. Accordingly, Rumley's appeal is meritless.

## Conclusion

Defendant received a fair trial, free from prejudicial error.

NO ERROR.

Judges BRYANT and TYSON concur.

Report per Rule 30(e).