STATE OF NORTH CAROLINA v. HERBERT HILL WILLIS

No. 7315SC673

(Filed 28 November 1973)

1. **Criminal Law § 86— cross-examination of defendant — impeachment — specific criminal acts**

In a prosecution for speeding in excess of 80 mph, the trial court did not err in allowing the solicitor to ask defendant on cross-examination whether he saw a highway patrolman who clocked him traveling 94 mph in a 65 mph zone on another occasion.

2. **Criminal Law §§ 162, 169— placing excluded testimony in record — failure to request at time of ruling**

The trial court did not abuse its discretion in the denial of defendant's motion made at the close of the evidence to place in the record answers which would have been given to questions to which objections were sustained on the ground that no request was made at the time the ruling was made that the witness be permitted to place his answer in the record.

3. **Automobiles § 117— speeding case — evidence of defendant's intoxication**

In a prosecution for speeding in excess of 80 mph, defendant was not prejudiced by the admission of testimony by a highway patrolman regarding the odor of alcohol on defendant's breath and his staggering condition.

4. **Automobiles § 117; Criminal Law §§ 114, 169— instructions — comment by court — harmless error**

In this prosecution for speeding in excess of 80 mph, defendant was not prejudiced by the court's remark that the pattern jury instruction given by the court on the lesser offense of excessive speed "doesn't make one bit of sense on earth."

APPEAL from *Bailey, Judge,* 30 April 1973 Session of ALA-MANCE County Superior Court.

Defendant in this case was charged with driving 90 miles per hour in a 65 mile-per-hour zone in contravention of G.S. 20-141. Following defendant's plea of not guilty, the State presented evidence which tended to establish the following:

Colonel Edward C. Guy — at that time the head of the Highway Patrol — was travelling north in the west lane on Interstate 85 passing a vehicle which was going 60 miles per hour. The posted speed limit was 65 miles per hour. He saw the headlights of a car approaching him rapidly from the rear, and when he pulled over into the right lane, the car passed him at a speed in his opinion of between 85 and 90 miles an hour. As he pursued the car — a 1970 two-tone blue Continental — he "clocked" him in excess of 90 miles per hour. When the car pulled off the ramp, Colonel Guy stopped it, the defendant got out of the car, and Colonel Guy arrested him for speeding 90 miles per hour and driving under the influence of alcohol.

E. W. Clemmons of the Highway Patrol testified that he and Trooper Sanders arrived at the scene shortly after Colonel Guy had apprehended the defendant. On cross-examination, Clemmons testified that Willis was found not guilty of driving under the influence. On redirect examination, Clemmons was allowed to testify that he detected a strong odor of alcohol on defendant's breath, and defendant staggered when he walked.

Defendant took the stand, and the solicitor was allowed over objection to ask him the following question:

"Did you see Trooper Willis — Trooper Willis, will you stand up, please. On September 19, 1971, did you see that highway patrolman, when he clocked you traveling 94 miles per hour in a 65 mile zone?"

At the conclusion of defendant's evidence, counsel for the defense moved to place into the record what the answers would have been to certain questions, the objections to which were sustained. The trial court denied the motion on the basis that "no request was made at the time the question was asked, or at the time the ruling was made, that the witness was permitted to put his answer in the record."

The trial court charged the jury on the various verdicts they might return. To the following portion of the charge, defendant excepts:

"Excessive speed differs from operating a motor vehicle at a speed in excess of seventy-five on a highway where the limit is less than seventy in that the defendant need not have exceeded seventy-five, but must have operated at a speed in excess of sixty-five and greater than sixteen miles above the posted limit, which doesn't make one bit of sense on earth."

The jury found defendant guilty of speeding in excess of 80 miles per hour as charged, and defendant's motion to set aside the verdict was denied. From the judgment imposing an active sentence of 90 days, defendant appeals.

*Attorney General Morgan, by Assistant Attorneys General Melvin and Ray, for the State.*

*Alston, Pell, Pell and Weston, by E. L. Alston, Jr., for defendant appellant.*

MORRIS, Judge.

[1] Defendant presents as his first assignment of error the trial court's allowing the solicitor to question him concerning another speeding violation. Specifically, the solicitor asked defendant whether he saw a certain highway patrolman who "clocked" him travelling 94 miles per hour in a 65-mile-per-hour zone. This assignment of error cannot be sustained.

The law regarding impeachment by reference to prior offenses was succinctly stated by the Supreme Court in *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971). A witness— including a criminal defendant — may not for purposes of impeachment be cross-examined as to whether he has been accused—formally or informally—, arrested, indicted or whether he is under indictment for an offense other than the one for which he is on trial. The Supreme Court in the *Williams* decision overruled prior decisions on this point, but it specifically reaffirmed the rule that a witness—including a criminal defendant —is subject to cross-examination as to prior convictions.

In *State v. Gainey*, 280 N.C. 366, 185 S.E. 2d 874 (1972), the Supreme Court elaborated on the rules established by

---

---

*Williams, supra,* by holding that while a witness may not, for purposes of impeachment, be asked whether he has been accused, arrested, or indicted for a specific offense, he may nevertheless be asked whether he has committed specific criminal acts or has been guilty of specific reprehensible conduct. Accord, *State v. Lassiter,* 17 N.C. App. 35, 193 S.E. 2d 265 (1972).

The question as set out hereinabove is proper within the rule established by *State v. Gainey, supra,* and *State v. Lassiter, supra.* The trial court did not err in allowing it.

[2]   The trial court was likewise correct in its denial of defendant's motion—made at the close of his case—to let the record show the answers that would have been given to questions to which the objections were sustained. Defendant is correct that G.S. 1A-1, Rule 43(c) does not state time to be of the essence in making such a motion. Nevertheless, we do not sustain this assignment of error. We recognize the well-established right of the trial court in its discretion to control the conduct of the parties, counsel and the witnesses. See 7 Strong, N. C. Index 2d, Trial, § 9.

[3]   Defendant further assigns as error the trial court's allowing Patrolman Clemmons to testify regarding the alcohol on defendant's breath and his staggering condition. Assuming, *arguendo,* that this was error, we fail to perceive how defendant has been prejudiced. As defendant points out, he was found not guilty of driving while intoxicated. It is not enough that defendant show error, he must show that it was prejudicial to him and that a different result would likely have ensued absent the error. *State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972) ; *State v. Crump,* 280 N.C. 491, 186 S.E. 2d 369 (1972).

[4]   Defendant's final assignment of error is to the trial court's instructions to the jury. Though the trial court's remarks concerning the unintelligible nature of the pattern jury instruction is highly irregular, we fail to discern any way in which defendant has been prejudiced thereby. The charge when read as a whole fairly stated the law and fairly applied the law to the evidence in the case.

No error.

Judges CAMPBELL and VAUGHN concur.