State v. Richardson

STATE OF NORTH CAROLINA v. WILLIAM HENRY RICHARDSON
AND CHARLES EDWARD REEDER

No. 7426SC537

(Filed 3 July 1974)

Criminal Law §§ 86, 162— cross-examination as to past offenses — untimely objection

> Defendants' assignment of error to the trial court's allowing the solicitor to question one defendant concerning past criminal offenses cannot be sustained since a defendant's past offenses constitute a proper subject for cross-examination and since objections in this case were not timely in that they were not made until after defendant had answered the questions.

APPEAL from *Ervin, Judge,* 8 January 1974 Session of MECKLENBURG County Superior Court. Argued in the Court of Appeals 21 June 1974.

Defendants were tried and convicted of the armed robbery of the North Charlotte Pharmacy in the City of Charlotte. During the course of the trial, the solicitor was permitted to ask defendant Richardson whether he had committed certain crimes in the past. In each case, defendant Richardson responded in the negative, and his counsel objected after his answer. From the entry and signing of judgment, both defendants appealed.

*Attorney General Morgan, by Assistant Attorney General Giles, for the State.*

*Plumides, Plumides, and Shuster, by John G. Plumides, for defendant appellant Richardson.*

*Robert F. Rush for defendant appellant Reeder.*

MORRIS, Judge.

We cannot sustain defendants' assignment of error to the court's allowing the solicitor to question defendant Richardson concerning past criminal offenses. It is an elementary principle of evidence in North Carolina that an objection to a specific question must be made as soon as the question is asked and before the witness has time to answer. Stansbury, N. C. Evidence, Brandis Revision, Witnesses, § 27. An objection following the answer of a witness is timely only where the answer, rather than the question itself, indicates inadmissibility. *Id.* Counsel's objections are obviously to the questions, and they are not timely.

Even if the objections were timely, defendant would not be entitled to prevail on this assignment of error. As we stated in *State v. Willis*, 20 N.C. App. 43, 45-46, 200 S.E. 2d 408 (1973).

> "The law regarding impeachment by reference to prior offenses was succinctly stated by the Supreme Court in *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971). A witness—including a criminal defendant—may not for purposes of impeachment be cross-examined as to whether he has been accused—formally or informally—, arrested, indicted or whether he is under indictment for an offense other than the one for which he is on trial. The Supreme Court in the *Williams* decision overruled prior decisions on this point, but it specifically reaffirmed the rule that a witness—including a criminal defendant—is subject to cross-examination as to prior convictions.
>
> In *State v. Gainey*, 280 N.C. 366, 185 S.E. 2d 874 (1972), the Supreme Court elaborated on the rules established by *Williams, supra*, by holding that while a witness may not, for purposes of impeachment, be asked whether he has been accused, arrested, or indicted for a specific offense, he may nevertheless be asked whether he has committed specific criminal acts or has been guilty of specific reprehensible conduct. Accord, *State v. Lassiter*, 17 N.C. App. 35, 193 S.E. 2d 265 (1972)."

The questions asked defendant Richardson were proper under the rules established in the above cited cases. The record discloses nothing which would require a different result. Both defendants received a fair and impartial trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge VAUGHN concur.