IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-374-2

 Filed: 16 May 2017

Mecklenburg County, No. 14CRS217434-36, 14CRS217439, 14CRS217441,
14CRS217447-48, 14CRS217453, 14CRS217456, 14CRS217458-59

STATE OF NORTH CAROLINA

 v.

JESUS MARTINEZ, Defendant.

 Appeal by Defendant from judgments entered 18 September 2015 by Judge

Yvonne M. Evans in Mecklenburg County Superior Court.

 Originally heard in the Court of Appeals 20 September 2016. By opinion filed

30 December 2016, this Court found no reversible error as to five of the eleven

convictions, but vacated the other six convictions based on our conclusion that certain

jury instructions constituted plain error.

 By Order entered 16 March 2017, our Supreme Court remanded the matter to

our Court for the limited purpose “of determining whether the trial court’s instruction

held to have been erroneous by the Court of Appeals constituted plain error as

required by State v. Boyd, 222 N.C. App. 160, 730 S.E.2d 193 (2012), rev’d for the

reasons stated in the dissenting opinion, 366 N.C. 548, 742 S.E.2d 798 (2013).”

 This opinion replaces the original Opinion filed on 30 December 2016.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Lauren
 M. Clemmons, for the State.

 Hale Blau & Saad, P.C., by Daniel M. Blau, for the Defendant.
 STATE V. MARTINEZ

 Opinion of the Court

 DILLON, Judge.

 Jesus Martinez (“Defendant”) appeals from judgments entered upon jury

verdicts finding him guilty of eleven felonies based on sexual conduct he engaged in

with a minor.

 I. Background

 The evidence at trial tended to show as follows: Defendant was cohabiting with

his girlfriend (“Mother”), their infant child, and Mother’s three children from a prior

relationship.

 Mother testified that one morning, she walked into the bedroom she shared

with Defendant and saw the sheets “moving up and down.” She pulled back the

sheets and saw her eight-year-old daughter, Chloe1, curled into a “little ball” and

“hiding.” Mother later asked Chloe what had been happening, and Chloe replied that

Defendant had engaged in certain sexual conduct with her and had also done so in

the past.

 At trial, Chloe testified in detail regarding incidents where Defendant had

engaged in sexual acts with her.

 1 A pseudonym.

 -2-
 STATE V. MARTINEZ

 Opinion of the Court

 Defendant testified that when Mother walked into the bedroom, he and Chloe

had simply been spending time together in bed, that both had been fully clothed, and

that Mother had misinterpreted the situation.

 Mother informed law enforcement of the incident, and Defendant was

subsequently arrested and indicted for numerous offenses. Defendant was convicted

of eleven felonies: four counts of sex offense in a parental role, two counts of sex

offense with a child, and five other felonies. Defendant timely appealed.

 II. Analysis

 Defendant makes four arguments on appeal: (1) that a medical expert witness

impermissibly vouched for Chloe’s credibility; (2) that a prospective juror made

grossly prejudicial remarks during jury selection; (3) that the trial court’s disjunctive

instruction relating to the six “sexual offense” charges constituted plain error; and (4)

that Defendant should have been allowed to introduce certain evidence to impeach

the testimony of Chloe’s mother. We address each argument in turn.

 A. Expert Testimony

 Defendant’s first set of arguments relate to a statement made by Dr. Patricia

Morgan which Defendant contends constituted improper vouching by an expert.

During direct examination, Dr. Morgan made the following statement:

 PROSECUTOR: . . . [W]ould you be able to confirm [from a
 medical exam] whether or not [Chloe] could have
 experienced vaginal bleeding a month or so prior?

 -3-
 STATE V. MARTINEZ

 Opinion of the Court

 DR. MORGAN: It might be difficult to say because, again,
 that finding in and of itself I could see it in a girl who may
 not have experienced abuse. But in the fact that she did
 experience abuse, as well as have those findings of
 bleeding that she –

 [Defense Counsel interrupted Dr. Morgan’s testimony with
 an objection, but then withdrew the objection
 immediately.]

 DR. MORGAN: Could you give me the question again,
 please? I want to make sure I’m answering it properly.

 PROSECUTOR: Yes, ma’am. I was just asking if in looking
 at the hymen, if you knew one way or the other if she
 previously experienced bleeding. Can you tell by looking
 at it?

 DR. MORGAN: If by looking at it I wouldn’t be able to
 necessarily say if she had any bleeding because, again, the
 nature of the hymen is that it heals. And so I really
 couldn’t say unless there was some residual or something
 that was evidence that shows that there was trauma.

(emphasis added).

 On appeal, Defendant contends Dr. Morgan’s statement emphasized above –

that “in the fact that she did experience abuse” – constituted inadmissible expert

opinion regarding Chloe’s credibility. Defendant also contends that his counsel’s

failure to object constituted ineffective assistance of counsel.

 Our Supreme Court has held that in the absence of physical evidence to

support a diagnosis of sexual abuse, expert testimony that sexual abuse has in fact

 -4-
 STATE V. MARTINEZ

 Opinion of the Court

occurred is not admissible because it is an impermissible opinion regarding the

victim’s credibility. State v. Stancil, 355 N.C. 266, 266-67, 559 S.E.2d 788, 789 (2002).

 However, we conclude that Dr. Morgan’s statement, considered in the context

of her testimony as a whole, does not amount to an assertion that Chloe was in fact

abused. Rather, a proper understanding of the transcript is that Dr. Morgan was

speaking of a hypothetical victim when she made the statement. Indeed, Dr. Morgan

testified that Chloe’s medical exam was normal and that she could not determine

from the exam whether or not Chloe had been sexually abused.

 Other cases from our Court in which plain error was found to be present

involved much more conclusory statements made by the expert. For instance, in a

case cited by Defendant, our Court found prejudicial error where an expert witness

stated in response to a question: “My opinion was that she was sexually abused.”

State v. Dixon, 150 N.C. App. 46, 51, 563 S.E.2d 594, 598 (2002); see also State v.

Towe, 366 N.C. 56, 60, 732 S.E.2d 564, 566 (2012) (finding plain error where expert

stated that she would place the victim in the category of children who “have been

sexually abused [and] have no abnormal findings”); State v. Bush, 164 N.C. App. 254,

259, 595 S.E.2d 715, 718 (2004) (finding plain error where expert stated: “My

diagnosis was [that the child] was sexually abused by defendant”); State v. Couser,

163 N.C. App. 727, 732, 594 S.E.2d 420, 423-24 (2004) (finding plain error where

expert testified that her diagnosis was “probable sexual abuse”).

 -5-
 STATE V. MARTINEZ

 Opinion of the Court

 Here, we do not believe that Dr. Morgan made an impermissible statement

that she believed that Chloe was in fact abused. Accordingly, defense counsel’s failure

to object was not error, and therefore did not constitute ineffective assistance of

counsel.

 B. Juror Remarks

 Defendant argues that a statement by one of the prospective jurors violated

Defendant’s constitutional right to an impartial jury and amounted to plain error.

Specifically, Defendant contends that a prospective juror’s statement that her uncle

was a local defense attorney who had told her his job was to “get the bad guys off”

amounted to a comment on Defendant’s guilt from a reliable source. We disagree.

 The sole case cited by Defendant in support of this argument is State v.

Gregory, in which a prospective juror stated that she helped prepare the defense for

the defendant and had learned confidential information that would be favorable to

the State if learned by the State. State v. Gregory, 342 N.C. 580, 587, 467 S.E.2d 28,

33 (1996). Our Supreme Court concluded that these statements “[were] likely to

cause the [other] jurors to form an opinion before they heard any evidence at trial,

and [] a juror who has formed an opinion cannot be impartial.” Id. at 587, 467 S.E.2d

at 33. Thus, the Court held that this statement denied the defendant a fair trial.

 In contrast, here, the statement by the prospective juror was generic and did

not imply that she had any particular knowledge of Defendant’s case or the possibility

 -6-
 STATE V. MARTINEZ

 Opinion of the Court

that Defendant might be guilty. We do not believe that the trial court’s failure to take

specific action addressing the juror’s comment amounted to plain error. See State v.

Black, 328 N.C. 191, 196, 400 S.E.2d 398, 401 (1991) (stating that the trial court “has

broad discretion to see that a competent, fair and impartial jury is impaneled”)

(internal marks omitted)).

 C. Jury Instructions

 Defendant’s third set of arguments relates to jury instructions given by the

trial court regarding his six “sexual offense” convictions. It is this set of arguments

that is the basis for the limited remand by our Supreme Court. In our first opinion,

we agreed with Defendant that the trial court committed plain error when it gave a

jury instruction where one of the theories upon which the jury could convict was not

supported by any evidence offered at trial.

 Defendant was convicted of four felonies under N.C. Gen. Stat. § 14-27.4(a)(1)

(first degree sexual offense with a child) and two felonies under N.C. Gen. Stat. § 14-

27.7(a) (sex offense in a parental role). Both statutes require that a jury find that a

defendant engaged in a “sexual act” with the victim. N.C. Gen. Stat. § 14-27.4 (2013);

N.C. Gen. Stat. § 14-27.7 (2013). “Sexual act” is defined by the General Assembly as

“cunnilingus, fellatio, analingus, or anal intercourse.” N.C. Gen. Stat. § 14-27.1(4)

(2013).

 -7-
 STATE V. MARTINEZ

 Opinion of the Court

 At trial, the State’s evidence tended to show that Defendant engaged in fellatio

and anal intercourse with Chloe. The State did not present any evidence that

Defendant engaged in analingus with Chloe. However, the trial court instructed the

jury that it could find Defendant guilty of the six felonies if it found that he committed

fellatio, anal intercourse, or analingus with Chloe.

 In our first opinion, we held, based on a line of cases from our Supreme Court,

that the trial court’s inclusion of “analingus,” where there was no evidence of

analingus offered at trial, essentially constituted plain error per se. In this line of

cases, our Supreme Court consistently held that “[w]here the trial court erroneously

submits the case to the jury on alternative theories, one of which is not supported by

the evidence and the other which is, and [] it cannot be discerned from the record

upon which theory or theories the jury relied in arriving at its verdict, the error

entitles defendant to a new trial.” State v. Lynch, 327 N.C. 210, 219, 393 S.E.2d 811,

816 (1990); see also State v. Pakulski, 319 N.C. 562, 574, 356 S.E.2d 319, 326 (1987);

State v. Belton, 318 N.C. 141, 162-63, 347 S.E.2d 755, 768-69 (1986), partially

overruled on other grounds by State v. Gaines, 345 N.C. 647, 483 S.E.2d 396 (1997). 2

Our Supreme Court has explained that a new trial is required in this case because

 2 Similar to the present case, this line of cases involves a disjunctive instruction where one of
the theories presented to the jury is not supported by the evidence. This line of cases is distinct from
another line of Supreme Court cases which addresses a situation where the jury is instructed on
different theories but where each theory is supported by the evidence. This separate line of cases deals
with the issue of jury unanimity. See State v. Walters, 368 N.C. 749, 753-54, 782 S.E.2d 505, 507-08
(2016).

 -8-
 STATE V. MARTINEZ

 Opinion of the Court

“we must assume the jury based its verdict on the theory for which it received an

improper instruction.” State v. Petersilie, 334 N.C. 169, 193, 432 S.E.2d 832, 846

(1993) (emphasis added). And our Supreme Court has stated that such error rises to

the level of plain error: “it would be difficult to say that permitting a jury to convict

a defendant on a theory not legally available to the State because it is not charged in

the indictment or not supported by the evidence is not plain error even under the

stringent test required to invoke that doctrine.” State v. Tucker, 317 N.C. 532, 540,

346 S.E.2d 417, 422 (1986); see also State v. Brown, 312 N.C. 237, 249, 321 S.E.2d

856, 861 (1984).

 In the present case, it cannot be discerned from the verdict sheets which theory

the jury relied upon to find that Defendant had engaged in sexual acts with Chloe. It

could certainly be argued that the trial court’s disjunctive instruction allowing the

jury to convict based on a finding that Defendant engaged in analingus should not be

considered plain error per se where there is clear evidence supporting the other

theories contained in the instruction. The line of Supreme Court cases cited above,

though, compels a plain error determination since we “must assume” that the jury

based its verdict on the theory not supported by the evidence. And “[i]t is plain error

to allow a jury to convict a defendant upon a theory not supported by the evidence.”

State v. Jordan, 186 N.C. App. 576, 584, 651 S.E.2d 917, 922 (2007). See also State

v. Crabtree, ___ N.C. App. ___, ___, 790 S.E.2d 709, 717 (2016).

 -9-
 STATE V. MARTINEZ

 Opinion of the Court

 In our first opinion, we essentially concluded that the trial court’s disjunctive

instruction constituted plain error per se, based on the line of Supreme Court cases

which includes Petersilie, Lynch, Pakulski, and Belton. In our prior opinion, we

assumed that the jury based its verdicts on its finding that Defendant committed

analingus with Chloe. Thus, based on this presumption, we concluded that plain

error occurred when Defendant was convicted based on a finding by the jury not

supported by the evidence.

 Our Supreme Court, however, has remanded, instructing us to revisit our

holding in light of its 2013 holding in State v. Boyd, 366 N.C. 548, 742 S.E.2d 798

(2013), a case not cited by the State in its brief nor considered by our Court in our

first opinion. In Boyd, our Supreme Court issued a two-line per curiam opinion

adopting Judge Stroud’s dissenting opinion from our Court. We now turn to analyze

the trial court’s disjunctive instruction in the present case in light of the Boyd

decision.

 In Boyd, the trial court instructed the jury that it could convict the defendant

of kidnapping on three alternative theories – that the defendant either confined,

restrained, or removed the victim. State v. Boyd, 222 N.C. App. 160, 163, 730 S.E.2d

193, 196 (2013). On appeal to our Court, two members of the panel held that the

instruction constituted plain error, as there was no evidence that the defendant

“removed” the victim. Id. In her dissent, Judge Stroud agreed with the majority that

 - 10 -
 STATE V. MARTINEZ

 Opinion of the Court

the trial court erred when it instructed on the theory of “removal,” but that she

disagreed that the error rose to the level of plain error. Id. at 167, 730 S.E.2d at 198

(“I believe that the instructional error as to ‘removal’ does not rise to the level of plain

error.”). In reaching her conclusion, Judge Stroud did not assume that the jury relied

on the theory of removal to support the kidnapping conviction. Rather, Judge Stroud

cited the overwhelming evidence supporting the other kidnapping theories –

confinement and restraint – to conclude that the defendant failed to show “that,

absent the error [instructing on removal], the jury would have returned a different

verdict.” Id. at 173, 730 S.E.2d at 201. Judge Stroud cited extensively to State v.

Lawrence, 365 N.C. 506, 723 S.E.2d 326 (2012), in which our Supreme Court clarified

the application of the plain error test by reviewing courts.3

 The 2013 Boyd decision represents a shift away from the per se rule that had

been applied for a number of decades by our Supreme Court in cases involving

disjunctive instructions where one of the theories was not supported by the evidence.

Citing Lawrence, Judge Stroud did not follow the direction from our Supreme Court

in past cases that a reviewing court “must assume” that the jury relied on the

 3 In Lawrence, our Supreme Court reaffirmed its holding in State v. Odom, 307 N.C. 655, 660,
300 S.E.2d 375, 378 (1983), regarding the application of the plain error test, stating that the defendant
must show that the error had a “probable impact” on the jury’s verdict. Lawrence, 365 N.C. at 518,
723 S.E.2d at 334. Our Supreme Court, however, has relied on Odom in the past to conclude that a
disjunctive jury instruction which included a theory not supported by the evidence had a “probable
impact” on the jury’s verdict. Tucker, 317 N.C. at 539, 346 S.E.2d at 421.

 - 11 -
 STATE V. MARTINEZ

 Opinion of the Court

improper theory. See Petersilie, 334 N.C. at 193, 432 S.E.2d at 846. Rather, under

Boyd, a reviewing court is to determine whether a disjunctive jury instruction

constituted reversible error, without being required in every case to assume that the

jury relied on the inappropriate theory.4

 We have reviewed the record and conclude that Defendant has failed to meet

his burden of showing that the trial court’s inclusion of “analingus” in the jury

instruction had any probable impact on the jury’s verdict. Chloe was clear in her

testimony regarding the occasions where fellatio and anal intercourse had occurred.

The case essentially came down to whether the jury believed Chloe’s account or

Defendant’s account. The trial court’s inclusion of the word “analingus” (for which

there was no evidence) probably had no impact in the jury’s deliberations. Therefore,

we find no plain error in Defendant’s convictions for sex offense with a child and sex

offense in a parental role.5

 4 Our Court though, even after the Boyd decision in 2013, has continued to find reversible error
per se. Some recent cases from our Court include State v. Dick, 791 S.E.2d 873, *11-12 (2016)
(unpublished) (applying harmless error standard); State v. Jefferies, ___ N.C. App. ___, ___, 776 S.E.2d
872, 880 (2015); and State v. Collington, ___ N.C. App. ___, 775 S.E.2d 926 (2015) (unpublished)
(stating that “trial court commits plain error [under Supreme Court precedent] when it instructs a
jury on disjunctive theories of a crime, where one of the theories is improper”).
 5 Defendant also contends that the trial court committed plain error in its jury instructions for

sex offense in a parental role, based on the trial court’s instruction for both “vaginal intercourse” and
“sexual act,” where the indictments only alleged that Defendant engaged in a “sexual act” with the
victim. We acknowledge that this was error, however, it does not rise to the level of plain error. The
cases cited by Defendant in support of this argument are distinguishable. Here, the verdict sheets
only allowed the jury to find Defendant guilty if it believed he “engage[ed] in a sexual act with a minor”,
thus rendering any error in the trial court’s earlier instructions harmless. See State v. Fincher, 309
N.C. 1, 22, 305 S.E.2d 685, 698 (1983).

 - 12 -
 STATE V. MARTINEZ

 Opinion of the Court

 D. Impeachment Evidence

 Finally, Defendant argues that the trial court committed reversible error when

it excluded relevant evidence which tended to show Mother’s bias against him. On

cross-examination, the trial court sustained the State’s objections to defense counsel’s

attempt to elicit testimony from Mother on four different subjects; namely, that

Mother (1) had recently discovered Defendant had another girlfriend, (2) was

attempting to obtain a “U-visa”6 to allow her to remain in the United States legally

after the trial, (3) was upset that Defendant refused to lend her money, and (4) had

previously accused Defendant of domestic violence. On appeal, Defendant contends

that the trial court’s exclusion of this impeachment evidence constitutes prejudicial

error. We conclude that Defendant failed to preserve his challenge as to the first

three forms of impeachment evidence; further, we conclude that the exclusion of the

fourth form did not constitute prejudicial error.

 In order to preserve this issue for appellate review, “the significance of the

excluded evidence must be made to appear in the record[.] [A] specific offer of proof

is required unless the significance of the evidence is obvious from the record.” State

v. Simpson, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985). “[T]he essential content or

substance of the witness’s testimony must be shown before [the reviewing court] can

 6 A “U-visa” is a type of visa available to victims of serious crimes who are undocumented
immigrants and cooperate with law enforcement in the investigation or prosecution of crimes. 8 U.S.C.
§ 1101(a)(15(U).

 - 13 -
 STATE V. MARTINEZ

 Opinion of the Court

ascertain whether prejudicial error occurred.” Id.; see also State v. Willis, 285 N.C.

195, 200, 204 S.E.2d 33, 36 (1974) (“The words of the witness . . . should go in the

record.”).

 In this case, the trial court did not hear Mother’s responses to Defendant’s first

three lines of questioning. Defendant contends that statements he made during his

testimony and at his sentencing hearing were an “offer of proof;” however,

Defendant’s speculation as to what the content of Mother’s testimony would have

been is not sufficient to show the actual “content or substance of [Mother’s]

testimony[.]” Simpson, 314 N.C. at 370, 334 S.E.2d at 60. Without her testimony in

the record, it is impossible for this Court to determine whether Defendant’s

arguments have merit. As in Simpson, “[w]e fail to discern any reason why defense

counsel could not have made an offer of proof by having the [witness] called to the

stand in the absence of the jury and questioned about [her responses] . . . .” Simpson,

314 N.C. at 371, 334 S.E.2d at 61. Accordingly, Defendant has failed to preserve

these issues for our review.

 On the fourth line of questioning, however, the State concedes that Defendant

did make an offer of proof that Mother had previously accused Defendant of domestic

violence. “Although we review a trial court’s ruling on the relevance of evidence de

novo, we give a trial court’s relevancy rulings great deference on appeal.” State v.

Capers, 208 N.C. App. 605, 615, 704 S.E.2d 39, 45 (2010) (internal marks omitted).

 - 14 -
 STATE V. MARTINEZ

 Opinion of the Court

 The record shows that during a bench conference, Defendant’s counsel

indicated that Mother had accused Defendant of domestic violence, that the police

declined to prosecute him, that she subsequently took out a private warrant against

Defendant, and that she failed to appear in court to prosecute that warrant. We agree

with Defendant that exclusion of this evidence was error. Evidence is relevant if it

has “any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without

the evidence.” N.C. Gen. Stat. § 8C-1, Rule 401 (2013). Evidence that Mother had

accused Defendant of domestic violence could have indicated Mother’s bias against

Defendant and may have influenced the jury’s assessment of her credibility as a

witness.

 However, considering the entire record of Defendant’s trial, we do not believe

that there is a reasonable possibility that, had the jury heard evidence regarding

Mother’s accusation of past domestic violence by Defendant, a different result would

have been reached at trial. N.C. Gen. Stat. § 15A-1443(a); see State v. Turner, 268

N.C. 225, 232, 150 S.E.2d 406, 411 (1966). Mother offered eyewitness testimony

concerning one of the acts of sexual conduct, and Defendant did not contradict her

testimony that she saw something. Specifically, she stated that, on a single occasion,

she discovered Defendant in bed with Chloe and that the covers were “moving up and

down.” Defendant did not contradict Mother’s testimony, but instead offered an

 - 15 -
 STATE V. MARTINEZ

 Opinion of the Court

innocent explanation of the incident. The remainder of Mother’s testimony involved

what Chloe had told her about other acts of sexual conduct by Defendant. However,

Chloe herself testified at trial regarding the acts of Defendant. And the jury was

allowed to view a recording of a prior interview with Chloe and compare it with her

testimony at trial. Further, Chloe’s brother testified that on several occasions while

the children were home alone with Defendant, Defendant would take the infant child

and Chloe into the bedroom and lock the door.

 In light of the other evidence presented at trial which tended to establish

Defendant’s guilt, we are unable to conclude that Defendant was prejudiced by the

exclusion of the evidence regarding Mother’s prior accusation of domestic violence.

 III. Conclusion

 We find no reversible error in Defendant’s convictions.7

 NO REVERSIBLE ERROR.

 Judge BERGER concurs.

 Judge BRYANT concurs in the result only, by separate opinion.

 7 Defendant also submitted a petition for writ of certiorari to this Court for review of the trial
court’s order requiring him to register as a sex offender and enroll in satellite-based monitoring
(“SBM”). We exercise our discretion pursuant to N.C. R. App. P. 21(a)(1) to consider Defendant’s
argument on this point. However, because we have left Defendant’s convictions undisturbed, we affirm
the trial court’s order in this regard.

 - 16 -
 No. COA16-374-2 – State v. Martinez

 BRYANT, Judge, concurring in the result only by separate opinion.

 Because I believe the majority overstates the holding of State v. Petersilie, 334

N.C. 169, 432 S.E.2d 832 (1993), and because I disagree with the majority’s

characterization of the dissent adopted by the N.C. Supreme Court in State v. Boyd,

222 N.C. App. 160, 730 S.E.2d 193 (2012), rev’d for the reasons stated in the dissenting

opinion, 336 N.C. 548, 742 S.E.2d 790 (2013) (per curiam), as “a shift away from the

per se rule . . . in cases involving disjunctive [jury] instructions,” I write separately

and concur in the result only.

 The majority opinion states that a “line of Supreme Court cases[8] compels a

plain error determination since we ‘must assume’ that the jury based its verdict on

the theory not supported by the evidence.” The majority then proceeds to rationalize

the disconnect between what it considers a directive in Petersilie, see 334 N.C. at 193,

432 S.E.2d at 846, and our Supreme Court’s per curiam opinion in Boyd, by deciding

that “Judge Stroud did not follow the instruction from our Supreme Court in past

cases that a reviewing court ‘must assume’ that the jury relied on the improper

theory.” It is the majority’s conclusion that there was a directive from the Supreme

Court in Petersilie and the majority’s overreliance on the words “we must assume”

that compels me to write separately.

 8 State v. Petersilie, 334 N.C. 169, 432 S.E.2d 846 (1993); State v. Tucker, 317 N.C. 532, 346
S.E.2d 417 (1986); State v. Brown, 312 N.C. 237, 321 S.E.2d 856 (1984).
 STATE V. MARTINEZ

 BRYANT, J., concurring in the result by separate opinion

 In Petersilie, the “[d]efendant was convicted of eleven counts of publishing

unsigned materials about a candidate for public office—all misdemeanors in violation

of N.C.G.S. § 163-274(7).” 334 N.C. at 172, 432 S.E.2d at 834. On appeal, the

defendant argued, inter alia, that “the trial court committed reversible error by

incorrectly defining the essential elements of the statute [N.C.G.S. § 163-274(7)] in

its instructions to the jury.” Id. at 191, 432 S.E.2d at 845. Specifically, the defendant

argued “the trial court erroneously included a scienter requirement while no such

requirement is present in the statute.” Id.

 Our Supreme Court agreed, holding “that the trial court committed reversible

error by incorrectly stating the law in its jury instructions[,]” id. at 172, 432 S.E.2d at

834 (emphasis added), and granting the defendant a new trial because the erroneous

instruction was “to defendant’s prejudice . . . ,” id. at 192, 432 S.E.2d at 845 (emphasis

added). In other words, the trial court incorrectly stated the law by adding to its jury

instruction an intent requirement not present in the statute, and which the jury was

required to find beyond a reasonable doubt for each of the eleven counts charged. Id.

at 191, 432 S.E.2d at 845 (“Section 163-274(7) requires that the jury find beyond a

reasonable doubt that [the] defendant published ‘a charge derogatory to a candidate

or calculated to affect the candidate’s chances of nomination or election.’ For all

eleven counts against [the] defendant the trial court instructed the jury that it must

find beyond a reasonable doubt that [the] defendant published: a charge he intended

 2
 STATE V. MARTINEZ

 BRYANT, J., concurring in the result by separate opinion

to be derogatory to a candidate for election . . . or which he calculated would affect

such candidate’s chances of election . . . .”).

 In finding that the trial court incorrectly stated the law to the defendant’s

prejudice, the Supreme Court in Petersilie reasoned as follows:

 “When [the trial court] undertakes to define the law,
 [it] must state it correctly.” State v. Earnhardt, 307 N.C.
 62, 70, 296 S.E.2d 649, 654 (1982). Failure to do so may be
 prejudicial error sufficient to warrant a new trial. Id. . . . .

 . . . [W]e believe the incorrect instruction was “too
 prejudicial to be hidden by the familiar rule that the charge
 must be considered contextually as a whole.” Id. . . .

 ....

 Because the trial court incorrectly instructed the
 jury regarding one of two possible theories upon which
 [the] defendant could be convicted and it is unclear upon
 which theory or theories the jury relied in arriving at its
 verdict, we must assume the jury based its verdict on the
 theory for which it received an improper instruction.

Id. at 192–93, 432 S.E.2d at 845–46 (emphasis added) (citations omitted).

 Notably, the defendant in Petersilie objected at trial to the jury instruction as

given, and thus, the standard of review on appeal was not the plain error standard,

which is applicable in the instant case as it also was in Boyd. See 220 N.C. App. at

168, 730 S.E.2d at 198 (Stroud, J., dissenting) (“Because defendant did not object at

trial, we review for plain error.” (citation omitted)). Although not explicitly

enunciated in Petersilie, the standard of review for jury instructions where the

 3
 STATE V. MARTINEZ

 BRYANT, J., concurring in the result by separate opinion

defendant objected at trial is a question of law reviewed de novo, State v. Barron, 202

N.C. App. 686, 694, 690 S.E.2d 22, 29 (2010) (citation omitted), with the caveat that

“an error in jury instruction is prejudicial and requires a new trial only if ‘there is a

reasonable possibility that, had the error in question not been committed, a different

result would have been reached at the trial . . . .’ ” State v. Castaneda, 196 N.C. App.

109, 116, 674 S.E.2d 707, 712 (2009) (emphasis added) (citation omitted) (quoting

N.C. Gen. Stat. § 15A-1443(a)); see Petersilie, 334 N.C. at ___, 432 S.E.2d at 845

(“Failure to [instruct correctly on the law] may be prejudicial error sufficient to

warrant a new trial.” (emphasis added) (citation omitted)). Therefore, there is not—

nor has there ever been—a per se rule involving disjunctive jury instructions.

Recently, our Supreme Court in State v. Walters, 368 N.C. 749, 782 S.E.2d 505 (2016),

noted that “our case law has long embraced a distinction between unconstitutionally

vague instructions that render unclear the offense for which the defendant is being

convicted and instructions which instead permissibly state that more than one

specific act can establish an element of a criminal offense.” Id. at 753, 782 S.E.2d at

507 (citing State v. Bell, 359 N.C. 1, 29–30, 603 S.E.2d 93, 112–13 (2004)); see also

infra note 2.

 While the discussion in Walters ultimately addressed unanimity of jury

verdicts, contrary to the majority’s assertion in footnote 2, such discussion is helpful

to the instant case. See Maj. Op. at 8 n.2 (citing Walters, 368 N.C. at 753–54, 782

 4
 STATE V. MARTINEZ

 BRYANT, J., concurring in the result by separate opinion

S.E.2d at 507–08) (stating that cases that deal with the issue of jury unanimity are

“distinct from” and constitute a “separate line of Supreme Court cases” than those

that address the issue of disjunctive jury instructions). However, the two lines of

cases set forth and described in Walters—and which “cases have developed regarding

the use of disjunctive jury instructions”—actually inform our analysis here. See 368

N.C. at 753, 782 S.E.2d at 507 (quoting Bell, 359 N.C. at 29, 603 S.E.2d at 112).

 The first line of cases concerns jury instructions, like those in Petersilie, where

the Court found the trial court’s incorrect statement on the law in its jury instruction

to be so prejudicial as to entitle the defendant to a new trial. See 334 N.C. at 193,

196, 432 S.E.2d at 846, 848. The second line of cases concern jury instructions like

we have in the instant case—where the trial court’s instructions on “one or more

specific acts, any of which could establish an essential element of the offense” were

listed, but were not supported by the evidence. See State v. Hartness, 326 N.C. 561,

567, 391 S.E.2d 177, 180–81 (1990) (noting that “the crime of indecent liberties is a

single offense which may be proved by evidence of the commission of any one of a

number of acts” and holding that “[t]he jury found [the] defendant guilty of

committing indecent liberties upon his stepson after the trial judge correctly

instructed it that it could find the immoral, improper, or indecent liberty upon a

finding that [the] defendant either improperly touched the boy or induced the boy to

 5
 STATE V. MARTINEZ

 BRYANT, J., concurring in the result by separate opinion

touch him”).9 “In this type of case, the focus is on the intent or purpose of the

defendant instead of his conduct.” Walters, 368 N.C. at 753, 782 S.E.2d at 508

(quoting Bell, 359 N.C. at 29–30, 603 S.E.2d at 112–13).

 Under the plain error standard, under which this Court has been explicitly

directed to review this issue by the Supreme Court, see Boyd, 366 N.C. 548, 742 S.E.2d

789, “[t]o establish plain error, defendant must show that the erroneous jury

instruction was a fundamental error—that the error had a probable impact on the

jury verdict.” Boyd, 222 N.C. App. at 167, 730 S.E.2d at 198–99 (Stroud, J.,

dissenting) (emphasis added).

 For error to constitute plain error, a defendant must
 demonstrate that a fundamental error occurred at trial. To
 show that an error was fundamental, a defendant must
 establish prejudice that, after examination of the entire
 record, the error had a probable impact on the jury’s
 finding that the defendant was guilty. Moreover, because
 plain error is to be applied cautiously and only in the
 exceptional case, the error will often be one that seriously
 affects the fairness, integrity or public reputation of
 judicial proceedings.

Id. at 168, 730 S.E.2d at 198 (emphasis added) (citations omitted) (quoting State v.

Lawrence, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012)).

 9 Further, it seems to me that if unanimity is satisfied from disjunctive instructions as to
alternative acts—even one or more not supported by the evidence—from a constitutional perspective,
a disjunctive instruction that is challenged simply because an alternative theory is not supported by
the evidence cannot be prejudicial and therefore cannot constitute plain error.

 6
 STATE V. MARTINEZ

 BRYANT, J., concurring in the result by separate opinion

 In Boyd, which involved a jury instruction on kidnapping, the trial court

erroneously included in its instruction a reference to “removal” as a (disjunctive)

theory of the kidnapping charge. Id. at 169, 730 S.E.2d at 199. Because there was

“overwhelming” evidence against the defendant, much of which “was

uncontroverted,” see id. at 170, 730 S.E.2d at 199, the dissent, with whom the

Supreme Court agreed, reasoned as follows: “The omission of approximately ten

words relating to ‘removal’ from the above jury instructions would, under the facts of

this particular case, make no difference in the result. Therefore, I would find no plain

error as to the trial court’s instructions as to second-degree kidnapping.” Id. at 173,

730 S.E.2d at 201.

 In the instant case, the jury instructions the trial court gave relating to the six

charges of “sexual offense with a child” read “contextually as a whole,” see Petersilie,

334 N.C. at 192, 432 S.E.2d at 846 (citation omitted), as follows:

 The defendant has been charged with two counts of
 sexual offense with a child. For you to find the defendant
 guilty of both of these counts on this offense, the State must
 prove three things beyond a reasonable doubt.
 First, that the defendant engaged in a sexual act
 with the alleged victim. A sexual act means fellatio, which
 is any touching by the lips or tongue of one person and the
 male sex organ of another; or analingus, which is any
 touching by the lips or tongue of one person and the anus
 of another; or anal intercourse, which is any penetration,
 however slight, of the anus of any person by the male

 7
 STATE V. MARTINEZ

 BRYANT, J., concurring in the result by separate opinion

 sexual organ of another.10

 The trial court erroneously included in its instruction the description of

analingus where the State presented no evidence of analingus at trial. However,

there was overwhelming evidence in the instant case that other sex offenses—fellatio

and anal intercourse—had occurred.11 Furthermore, as the standard of review in the

instant case is plain error, Petersilie does not, in fact, require that “we must assume

the jury based its verdict on the theory for which it received an improper instruction,”

see id. at 193, 432 S.E.2d at 846 (citations omitted), especially where, as here,

defendant cannot show that the error was prejudicial after considering the jury

charge “contextually as a whole.” See id. at 192, 432 S.E.2d at 846 (citation omitted).

 For the forgoing reasons, I concur in the result only.

 10 The trial court’s instruction quoted above in reference to two counts of sexual offense with a
child was (for our purposes) identical to the instruction given for the four counts of “feloniously
engaging in a sexual act with a minor over whom defendant had assumed a position of a parent
residing in the home.”
 11 It is also worth noting that the nature of the erroneous instruction in Petersilie is

fundamentally different from the nature of the error in the instant case. In Petersilie, the trial court,
in misstating the law, essentially created an alternate theory under which the jury could find the
defendant guilty, a theory not enumerated in or contemplated by the statute. See 334 N.C. at 192–93,
432 S.E.2d at 845–46. In the instant case, the trial court did not erroneously instruct the jury by
creating an element or listing an act which the jury could consider a sex offense which was not listed
in the statute; analingus is specifically enumerated as a “sexual act.” See N.C. Gen. Stat. § 14-27.1(4)
(2013) (“ ‘Sexual act’ means cunnilingus, fellatio, analingus, or anal intercourse, but does not include
vaginal intercourse.”), recodified as N.C. Gen. Stat. § 14-27.20(4) (2015), by N.C. Sess. Laws 2015-181,
§ 2, eff. Dec. 1, 2015.

 8